hWILLIAM H. BYRNES, III, Judge.
On September 16, 1997, a jury found Paulette A Nowak guilty as charged of possession of crack cocaine, a violation of La. R.S. 40:967(C). The State filed a multiple offender bill against her, charging her under La. R.S. 15:529.1. On October 9, 1997, she pleaded guilty to the multiple bill after having been fully advised of the State’s burden of proof and of her right to confront and cross-examine witnesses against her, her right to call witnesses in her own behalf, her right to appeal, her right to remain silent, her rights against self-incrimination and her right not to testify should she have to go to trial. The trial court found Nowak to be a second felony offender and sentenced her under La. R.S. 15:529.1 to serve three years at hard labor in the Department of Corrections with credit for any time served in connection with this case. The defense’s motion for reconsideration of sentence was denied; the motion for an appeal was granted.
In a sole assignment of error, the defense argues that the evidence presented by the State was insufficient to sustain her conviction for possession of cocaine. fcThe defense specifically contends that the defendant could not knowingly possess cocaine because the amount of residue in the pipe was so minute.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
The elements must be proven so that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. Id.; State v. Jacobs, 504 So.2d 817 (La.1987).
*528 To support a conviction for possession of cocaine, the State must prove that the defendant was in possession of the illegal drug and that she knowingly possessed it. State v. Lavigne, 95-0204 (La.App. 4th Cir.5/22/96), 675 So.2d 771, writ denied, 96-1738. (La.1/10/97), 685 So.2d 140; State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990). The State need not prove that the defendant was in actual physical possession of the cocaine; constructive possession is sufficient to support a conviction. Id.
The elements of knowledge and intent are states of mind and need not be proven as facts, but rather may be inferred from the circumstances. State v. Reaux, 539 So.2d 105 (La.App. 4th Cir.1989). The factfinder may draw ^reasonable inferences to support these contentions based upon the evidence presented at trial. Id.
At trial Officers Joseph Williams and Roy Phillips testified that on April 12, 1997, the defendant was at the police station.[1] She was seated opposite the officers at a desk, and her hands were in handcuffs behind her. She squirmed in her chair, and the officers heard the sound of glass breaking. When she stood up, they noticed her thumb was cut and bleeding, and pieces of a broken glass pipe were in the chair and on the floor. She was then arrested for possession of crack cocaine and drug paraphernalia.
Officer William Giblin, a criminalist and an expert in narcotics testing, testified that the residue substance in the pipe proved to be cocaine. He also testified that a small cocaine residue was still visible in the glass pipe, that is, after some of the residue had been extracted to be tested.
The defense does not contest the fact that the defendant possessed the pipe but maintains that the amount of residue in the pipe was so small that it was impossible to conclude that the pipe contained cocaine. The defense cites State v. Trahan, 425 So.2d 1222 (La.1983), where a renter was convicted of possession of marijuana with intent to distribute and possession of a trace amount of cocaine found in a one-inch long bottle found on a bedroom shelf. The Supreme Court found the evidence insufficient to support the conviction for possession of cocaine. Trahan differs from the case at bar, however, in that the amount of cocaine in the bottle in Trahan was too slight to test and the small bottle was lost prior to trial. In this case, there was enough residue left in the pipe to see even after some of [(the substance had been extracted to test. The defense argues that the criminalist could not identify what was left in the pipe as cocaine by sight; however, he testified that some of the substance was still visible in the pipe even though it was darkened from the chemical process. In two recent cases this Court has found defendants guilty of possession of cocaine based on trace amounts found in pipes. This Court upheld the defendant’s conviction for attempted possession of cocaine in State v. Lavigne, 95-0204 (La.App. 4th Cir.5/22/96), 675 So.2d 771. In Lavigne, the defendant was found to be in possession of a crack pipe which had a residue in it. The residue proved to be cocaine. The defendant alleged that he found the pipe on the street and did not know it contained cocaine as he could not see the residue; he claimed his intent was to throw the pipe away when he got home. In affirming the defendant’s conviction, this court noted that the defendant’s guilty knowledge could be inferred from the defendant’s dominion and control over the pipe and the residue of cocaine found in the pipe. State v. Lavigne, 675 So.2d at 779.
Similarly, in State v. Taylor, 96-1843 (La.App. 4th Cir.10/29/97), 701 So.2d 766, where the defendant was convicted for possession of cocaine on the basis of a residue in a crack pipe, this Court held that a court could infer the defendant had guilty knowledge of the cocaine in the glass pipe and that the evidence was sufficient to sustain the conviction.
Thus, in the case at bar, the evidence suggests that the defendant was aware of the contraband and the contraband was subject to her control. Under the jurisprudence, the State produced sufficient evidence to sustain the defendant’s conviction for possession of cocaine. Viewing the evidence in the light most ^favorable to the prosecution, a rational *529 trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged sufficient to exclude every reasonable hypothesis of innocence.
This assignment of error is without merit.
Accordingly, the defendant’s conviction and sentence are affirmed.

AFFIRMED.

. The defendant was in custody on another matter, but that fact did not come out at trial.