735 So.2d 782 (1999)
STATE of Louisiana
v.
John A. POSTELL.
No. 98-KA-0503.
Court of Appeal of Louisiana, Fourth Circuit.
April 22, 1999.
*783 Deborah K. Leith, Louisiana Appellate Project, Covington, Louisiana, Attorney for Defendant/Appellant.
Harry F. Connick, District Attorney, Parish of Orleans, Charles E.F. Heuer, Assistant District Attorney, New Orleans, Louisiana, Attorneys for State of Louisiana/Appellee.
Court composed of Judge MOON LANDRIEU, Judge JAMES F. McKAY III, Judge Pro Tempore JAMES A. GRAY II.
JAMES A. GRAY, II, Judge Pro Tem.
Defendant/Appellant was arrested on August 16, 1996, for possession of drug paraphernalia. La. R.S. 40:1033. Appellant was charged by bill of information with possession of cocaine in violation of La. R.S. 40:967, on October 2, 1996. On September 24, 1997, Appellant entered a *784 plea of not guilty. A six-person jury found Appellant guilty of possession of cocaine on October 6, 1997. On December 9, 1997, the defendant was sentenced to serve three years at hard labor in the custody of the Department of Corrections. Appellant's motion to reconsider sentence was denied. It is from this conviction that Appellant appeals.

FACTS
On August 16, 1996, Officer Steve Rice was on routine patrol of the French Quarter. At approximately 11:15 p.m., Officer Rice was headed lakebound in the eight hundred block of St. Louis Street when he observed the defendant standing on the sidewalk, leaning against a wall. Officer Rice pulled up to the side of the street and got out of his vehicle to see what the defendant was doing. As he neared the defendant, Officer Rice testified that he saw the defendant look at him, then stoop and drop something on the ground. When Officer Rice asked the defendant what he was doing, the defendant responded that he was looking for a place to go to the bathroom. Officer Rice then shined his flashlight in the area where the defendant had dropped the object and observed a shiny metal pipe laying on the ground. Officer Rice, an experienced and well-trained police officer, immediately identified the pipe as one used for the consumption of drugs, but was unable to detect the presence of any drugs in the pipe. He seized the pipe and placed the defendant under arrest for possession of drug paraphernalia, a violation of La. R.S. 40:1033.
Officer John F. Palm, a criminalist with the New Orleans Police Department crime lab, testified that he tested the pipe seized by Officer Rice to determine if it contained any dangerous substances. He testified that the pipe contained a small amount of cocaine residue. However, because the amount was so small, Officer Palm could not give an accurate weight of the amount detected. He also testified that he performed a microcrystalline test whereby he took some washings from the pipe and used a gold chloride crystal test, which formed crystals positive for cocaine. Officer Palm also performed a gas chromatograph test whereby some of the washings were placed in a machine to test for illegal substances. The results of this test proved positive for cocaine.

ERRORS PATENT ON THE RECORD
A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR 1
By this assignment of error, the defendant claims the evidence was insufficient to support the verdict of possession of cocaine. He contends that there was not enough cocaine residue in the crack pipe to prove that he had the requisite intent to possess. The defendant further contends that the State cannot meet its burden of proving beyond a reasonable doubt that he knew there was cocaine in the pipe based on the availability of a test that will identify an invisible film as some form of cocaine. This claim has merit.
If the sufficiency of the evidence is raised on appeal, an appellate court must consider whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). Additionally, as the fact finder is given the role of weighing the credibility of witnesses, an appellate court should not second-guess this determination beyond the Jackson sufficiency evaluation. State v. Jones, 94-1261, p.8 (La.App. 3d Cir.5/17/95), 657 So.2d 262, 268.
When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common expertise. State v. Shapiro, 431 So.2d 372 (La.1982). *785 The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984); State v. Addison, 94-2431, p.6 (La.App. 4th Cir. 11/30/95), 665 So.2d 1224, 1228.
To convict a defendant for possession of cocaine pursuant to LSA-R.S. 40:967(C), the State must present evidence establishing beyond a reasonable doubt that the defendant was in possession of a controlled dangerous substance and that he knowingly or intentionally possessed the substance. State v. Lavigne, 95-0204, p. 11 (La.App. 4th Cir. 5/22/96), 675 So.2d 771, 779 writ denied, 96-1738 (La.1/10/97), 685 So.2d 140.
Possession may be actual or constructive. State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990). A person in the area of contraband may be considered in constructive possession if the illegal substance is subject to his dominion and control and he has guilty knowledge. State v. Trahan, 425 So.2d 1222 (La.1983). Whether a defendant has dominion and control depends on several factors, including inter alia: 1) the defendant's access to the area where the drugs are found; 3) evidence of recent drug use by the defendant; and 4) the defendant's physical proximity to the drug. State v. Cormier, 94-537, p.5 (La.App.3d Cir 11/2/94), 649 So.2d 528, 531.
Guilty knowledge is an essential element of the crime of possession of cocaine. A conviction for possession of cocaine may rest upon the possession of the slightest amount of the drug. The amount of the substance seized will have some bearing on the defendant's guilty knowledge, particularly in instances where there are no corroborating circumstances. State v. Spates, 588 So.2d 398 (La.App. 2d Cir. 1991); State v. Jones, 94-1261, p.9 (La. App. 3d Cir.5/17/95), 657 So.2d 262, 268.
A consideration of other reported cases involving the possession of trace amounts of controlled dangerous substances is instructive of the evidence necessary in such cases to show a defendant's guilty knowledge. It is also important to note the factual distinctions of these cases because the determination of whether there is sufficient evidence to convict is ultimately dependent upon the peculiar facts of each case.
In State v. Jackson, 557 So.2d 1034 (La. App. 4th Cir.1990), this Court reversed a conviction of attempted possession of cocaine. The Court found that the evidence was legally insufficient to establish that the defendant exercised dominion or control over the residue-containing paraphernalia. The Court stated that the mere presence of the defendant in close proximity of drugs or the defendant's knowledge of the presence of drugs in the premises where he is located is insufficient to prove constructive possession. Id. at 1035. The Court noted that there was no evidence, aside from the fact that the defendant was standing next to the paraphernalia that would support a finding of the defendant's exercise of dominion or control.[1]
The Supreme Court of Louisiana has held that circumstantial evidence is sufficient to establish guilty knowledge of a defendant in establishing the requisite elements for a conviction of possession of a controlled dangerous substance. State v. Trahan, supra. However, without some sort of collateral and corroborating evidence, that conviction will not be upheld. The Court in Trahan, supra, found that the only evidence regarding the defendant's *786 guilty knowledge was the testimony of another person who was arrested along with the defendant and charged with the same offenses. Also, the police found Mannitol, a material used to cut cocaine, on the premises when the defendant was arrested. The Court held that there was doubt as to Trahan's dominion and control over the paraphernalia, and found that the presence of the Mannitol alone was not enough to establish guilty knowledge. Therefore, the Court reversed the conviction for possession of cocaine.
In State v. Spates, 588 So.2d 398 (La. App. 2 Cir.1991), the defendant was convicted for possession of a trace amount of cocaine found on a piece of radio antenna converted into a special crack pipe called a "straight shooter". The defendant submitted to a search without flight and without making exculpatory statements to the police or at trial. The Second Circuit affirmed the defendant's conviction and held that the mere physical possession of a device without any utility other than the ingestion of crack cocaine was sufficient to support a conviction of possession of cocaine. Id. at 402.
Evidence of flight, concealment, and attempt to avoid apprehension is relevant when circumstantial evidence is used to establish guilty knowledge. State v. Davies, 350 So.2d 586 (La.1977). In State v. Jones, 94-1261 (La.App. 3 Cir. 5/17/95), 657 So.2d 262, the court concluded that the defendant's attempt to flee from the officers and his possession of the shiny chrome pipe, which only use was to smoke cocaine, provided sufficient evidence to show that the defendant knowingly possessed cocaine. Id. at 269-70. In State v. Gaines, 96-1850 (La.App. 4th Cir. 1/29/97), 688 So.2d 679, writ denied, 97-0510 (La.9/5/97), 700 So.2d 503, this court held that the defendant's possession of a glass pipe which contained cocaine residue as well as his flight upon recognizing the approach of the officers was sufficient to prove defendant's possession of cocaine. In the case at hand, the defendant did not attempt to flee nor did he exhibit any other furtive behavior that would support a finding of guilty knowledge. However, we find it necessary to note that the possession of drug paraphernalia is a violation of La. R.S. 40:1033. Therefore, to conclude that a suspect who attempts to avoid apprehension does so because of his knowledge that there are illegal drugs present rather than because of his awareness of having violated the law against possession of drug paraphernalia would be the most logical explanation. It seems to this court that the latter conclusion provides the best explanation of the suspect's actions.
Similar to the cases previously discussed, the defendant in this case was in close proximity to the residue-containing pipe when he was arrested. It was found on the sidewalk near him, and not on his person. Therefore, the State presented circumstantial evidence in an effort to satisfy its burden of proof established in State v. Chambers, supra. As previously stated, the State must present evidence that excludes every reasonable hypothesis of innocence to warrant a conviction for possession of cocaine.
The defendant contends that the State, through its own evidence, failed to establish an essential element of the offense charged, to wit: guilty knowledge. The State presented the testimony of Officer Rice and Officer Palm in an effort to establish the defendant's guilt. Officer Rice testified that he retrieved the pipe from the sidewalk near the defendant and placed him under arrest for possession of drug paraphernalia. LSA-R.S. 40:1033. Officer Rice, an experienced and well-trained officer of the New Orleans Police force, did not and could not detect the presence of cocaine at the time of arrest. Therefore, the defendant was not charged with possession of cocaine until after the tests had been performed and a positive result was rendered. Officer Palm, a twenty-six-year veteran of the New Orleans Police Department and an expert in the identification and analysis of controlled *787 dangerous substances, testified that the residue found in the pipe as a result of the tests performed was not visible to the naked eye. He further stated that the only way he could discover its presence was by performing sensitive scientific tests.
The record reveals no evidence of corroborating factors that would lead to the conviction of the defendant based on the circumstantial evidence presented. The evidence in the record, at most, proved that the defendant possessed drug paraphernalia in violation of LSA-R.S. 40:1033. As previously discussed, unlike the case of Jones, supra, the State did not present evidence of the defendant displaying furtive behavior upon seeing Officer Rice. Nor was there any evidence of recent drug use by the defendant. Finally, the State did not provide evidence establishing that the defendant had in any way attempted to obtain cocaine. All of these factors have been dispositive in courts upholding convictions of defendants for possession of an illegal substance.
There are several reasonable alternative explanations for the having drug paraphernalia, i.e. from keeping it for someone else to having it with the intent of obtaining drugs in the future. However, without supporting evidence, guilty knowledge, as required to convict a person of possession of cocaine, cannot be gleaned from mere possession of the paraphernalia. The State failed to provide sufficient evidence to establish its burden of proof in this case. Therefore, we must reverse the trial court's conviction.

ASSIGNMENT OF ERROR 2
Given our findings with regard to the first assignment of error, the second assignment of error posed by the defendant need not be considered.

CONCLUSION
For the foregoing reasons, we reverse the conviction and sentence of the defendant.
LANDRIEU, J., DISSENTS WITH REASONS
LANDRIEU, J. dissents with reasons.
I respectfully dissent. In the present case, the defendant was arrested after the police officer observed the defendant drop the metal crack pipe on the ground. The arresting officer testified that when he picked up the pipe he observed what appeared to be cocaine residue in the pipe. Officer Palm testified that the substance in the pipe tested positive for cocaine. As I cannot distinguish the facts of this case from those in our recent decision in State v. Williams, 98-0806 (La. App. 4 Cir. 3/24/99), 732 So.2d 105, I find the evidence is sufficient to support the defendant's conviction. In addition, I find no merit to the defendant's second assignment of error arguing that the language on the verdict form was an improper Allen charge and denied hima fair trial. For these reasons, I would affirm the defendant's conviction and sentence.
NOTES
[1] The Court stated that there was no evidence that the residue-containing pipe was warm, that the defendant's fingerprints were on any item, that the defendant tested positive for cocaine, or that the defendant was anything more than a guest in the apartment where the contraband was found. State v. Jackson, supra at 1035.