740 So.2d 160 (1999)
STATE of Louisiana
v.
Pearlina PORTER.
No. 98-KA-2280.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1999.
*161 Harry F. Connick, District Attorney, Joseph E. Lucore, Assistant District Attorney, New Orleans, Louisiana, Counsel For Plaintiff-Appellee.
Clifford Nunn, Tulane Law School Community Service Program, Sherry Watters, Louisiana Appellate Project, New Orleans, Louisiana, Counsel For Defendant-appellant.
Court composed of Judge WILLIAM H. BYRNES III, Judge MOON LANDRIEU and Judge MICHAEL E. KIRBY.
BYRNES, Judge.
Pearlina Porter was found guilty as charged by a six-member jury of possession of cocaine, a violation of La. R.S. 40:967(C). (A first trial resulted in a mistrial.) The State filed a multiple bill, and on July 7th Porter pleaded guilty to the multiple bill after having been fully advised of the State's burden of proof and of her right to confront and cross-examine witnesses against her, her right to call witnesses in her own behalf, her right to appeal, her rights against self-incrimination, and her right not to testify should she have to go to trial. The trial court found Porter to be a second felony offender and sentenced her under La. R.S. 15:529.1 to serve thirty months at hard labor in the Department of Corrections with credit for any time served in connection with this case. Her motion for reconsideration of sentence was denied, and her motion for an appeal was granted.
At trial Officer Bryan Lampard and Officer Harry O'Neal testified that on May 8, *162 1998, they arrested the defendant on an unrelated matter. In the course of the arrest, Officer Lampard conducted a protective pat-down search and found a glass pipe in her waistband. Both officers testified that it contained a visible white residue. She was then arrested for possession of cocaine and drug paraphernalia.
Officer Karen Lewis-Holmes, a criminalist and an expert in identification and testing of controlled dangerous substances, testified that she tested the residue from the glass pipe, and it proved to be cocaine.
In a single assignment of error, the defendant argues that the evidence was insufficient to prove that she knowingly possessed cocaine.
In assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132, 1134.
Additionally, when circumstantial evidence forms the basis of the conviction, that evidence must exclude every reasonable hypothesis of innocence. State v. Captville, 448 So.2d 676, 678 (La.1984); State v. Williams, 95-0579 (La.App. 4 Cir. 4/10/96), 672 So.2d 1150, 1159, writ denied, 96-1180 (La.11/15/96), 682 So.2d 759, reconsideration denied, 96-1180 (La.1/24/97), 686 So.2d 855. The elements must be proven so that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt; all evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Wright, 445 So.2d 1198, 1201 (La.1984).
To support a conviction for possession of cocaine, the State must prove that the defendant was in possession of the illegal drug and that she knowingly possessed it. State v. Lavigne, 95-0204 (La. App. 4 Cir. 5/22/96), 675 So.2d 771, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140. The State need not prove that the defendant was in actual physical possession of the cocaine; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983).
The elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances. State v. Reaux, 539 So.2d 105 (La.App. 4 Cir.1989). The fact finder may draw reasonable inferences to support these contentions based upon the evidence presented at trial. Id.
The defendant argues that she knew of the drug paraphernalia but not of the cocaine within the glass pipe. If the glass pipe had been found in a car with more than one occupant, defendant's case might be stronger. But the glass pipe in this case was found on the defendant's person. Furthermore, both officers involved in her arrest testified that the white residue in the pipe could be seen. This case is similar to State v. Taylor, 96-1843 (La.App. 4 Cir. 10/29/97), 701 So.2d 766,[1] where the defendant was convicted of attempted possession of cocaine on the basis of residue in a crack pipe found in his pocket. This Court held under these circumstances guilty knowledge could be inferred and the evidence was sufficient to sustain the conviction. See also State v. Nowak, 98-0012 (La.App. 4 Cir.12/9/98), 727 So.2d 526, and State v. Guillard, 98-0504 (La.App. 4 Cir.4/7/99), 736 So.2d 273.
Thus, in the case at bar, the evidence suggests that the defendant was aware of the contraband and the contraband was *163 subject to her control. Under the jurisprudence, the State produced sufficient evidence to sustain the defendant's conviction for possession of cocaine. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged sufficient to exclude every reasonable hypothesis of innocence.
This assignment of error is without merit.
Accordingly, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Writ denied, 98-2233 (La.1/8/99), 734 So.2d 1224.