743 So.2d 282 (1999)
STATE of Louisiana
v.
Kim M. SHIELDS.
No. 98-KA-2283.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1999.
Harry F. Connick, District Attorney, Holli Herrle-Castillo, Assistant District Attorney, Orleans Parish, New Orleans, Louisiana, Counsel for State of Louisiana/Appellee.
Deborah K. Leith, Louisiana Appellate Project, Covington, Louisiana, Counsel for Defendant/Appellant.
Court composed of Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS Sr., and Judge ROBERT A. KATZ.
*283 KATZ, Judge.

STATEMENT OF THE CASE
Kim Shields was charged by bill of information on January 28, 1998, with possession of cocaine, a violation of La. R.S. 40:967(C). Shields was arraigned on February 9, 1998, and pled not guilty. On March 19, 1998, a six-member jury found her guilty as charged. On May 19, 1998, Shields was sentenced to five years in the Department of Corrections; the sentence was suspended, and she was placed on five years of active probation with special conditions. Shields then filed a Motion to Reconsider the sentence which Motion was denied. Shields now appeals her conviction and sentence.

STATEMENT OF THE FACTS
Detective John Brunet and his partner, Derrick Brumfield, were on patrol about 5:30 p.m. on January 14, 1998, at the intersection of Ninth and Chippewa Streets when they noticed a woman wearing red pants standing in the street near the driver's side of a white van. The officers suspected a narcotics transaction, and after the van left, they stopped the woman. When she was frisked for weapons, Officer Brumfield felt a crack cocaine pipe in her shirt pocket. He asked her to remove the pipe, and he saw in the pipe a white residue. She was arrested for possession of cocaine and possession of drug paraphernalia. Under cross-examination the officers admitted that she had neither cocaine nor money on her person when she was searched.
Officer Joseph Tafaro, an expert in identification and analysis of controlled dangerous substances, testified that he analyzed the residue in the crack pipe taken from the defendant. The officer explained that he dropped methyl alcohol into the pipe and then poured it into a test tube. Two tests are performed on the alcohol, crystal test and a gas chromatograph mass spectrometer test. Both tests indicated the presence of cocaine.

ERRORS PATENT
A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR
In a single assignment of error, the defendant argues that the evidence was insufficient to prove that she knowingly possessed cocaine.
In assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132, 1134.
Additionally, when circumstantial evidence forms the basis of the conviction, that evidence must exclude every reasonable hypothesis of innocence. State v. Captville, 448 So.2d 676, 678 (La.1984); State v. Williams, 95-0579 (La.App. 4 Cir. 4/10/96), 672 So.2d 1150, 1159, writ denied, 96-1180 (La.11/15/96), 682 So.2d 759, reconsideration denied, 96-1180 (La.1/24/97), 686 So.2d 855. The elements must be proven so that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt; all evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Wright, 445 So.2d 1198, 1201 (La.1984).
To support a conviction for possession of cocaine, the State must prove that the defendant was in possession of the illegal drug and that she knowingly possessed it. State v. Lavigne, 95-0204 (La. App. 4 Cir. 5/22/96), 675 So.2d 771, writ denied, 96-1738 (La.1/10/97), 685 So.2d 140. The State need not prove that the *284 defendant was in actual physical possession of the cocaine; constructive possession is sufficient to support a conviction. State v. Trahan, 425 So.2d 1222 (La.1983).
The elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances. State v. Reaux, 539 So.2d 105 (La.App. 4th Cir.1989). The fact-finder may draw reasonable inferences to support these contentions based upon the evidence presented at trial. Id.
The defendant argues that the State did not prove guilty knowledge because there was insufficient cocaine in the pipe. At the trial Officer Tafaro testified that it weighed less than .01 grams. The defendant cites State v. Augillard, 96-2113 (La. App. 4th Cir. 7/2/97), 698 So.2d 73, unpublished, for the proposition that possession of drug paraphernalia alone does not indicate specific intent to possess cocaine. In that case, a pipe was found in a car between the two people in the front seat. The trial court concluded that there was no evidence indicating that the defendant knew of the residue in the pipe.
The case sub judice can be distinguished from State v. Augillard because the pipe in this case was found on the defendant's person. Furthermore, both officers involved in the defendant's arrest testified that the white residue in the pipe could be seen. Thus, this case bears a close resemblance to the facts in State v. Taylor, 96-1843 (La.App. 4th Cir. 10/29/97), 701 So.2d 766, writ denied, 98-2233 (La.1/8/99), 734 So.2d 1224 wherein the defendant was convicted of attempted possession of cocaine on the basis of some residue in the crack pipe found in the defendant's pocket. This Court then reasoned that guilty knowledge could be inferred and the evidence, though a small residue, was still sufficient to sustain a conviction. See also State v. Nowak, 98-0012 (La.App. 4th Cir. 12/9/98), 727 So.2d 526, and State v. Guillard, 98-0504 (La.App. 4th Cir 4/7/99), 736 So.2d 273.

CONCLUSION
Accordingly, under the Taylor doctrine, supra, there is a sufficient amount of cocaine in the residue in the pipe to sustain the defendant's conviction and sentence notwithstanding her protests to the contrary.
Thus, the conviction and sentence of Kim M. Shields is affirmed and her assignment of error is rejected.
CONVICTION AND SENTENCE AFFIRMED.