750 So.2d 360 (1999)
STATE of Louisiana
v.
Clifton DRUMMER.
No. 99-KA-0858.
Court of Appeal of Louisiana, Fourth Circuit.
December 22, 1999.
*362 Harry F. Connick, District Attorney, Jane Louise Beebe, Assistant District Attorney, Orleans Parish, New Orleans, Louisiana, Counsel For Plaintiff/Appellee.
Menette W. Burns, Louisiana Appellate Project, Covington, Louisiana, Counsel For Defendant/Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY.
KIRBY, Judge.
Defendant Clifton Drummer was charged by bill of information on March 10, 1998 with possession of cocaine, a violation of La. R.S. 40:967(C)(2). Defendant pleaded not guilty at his March 27, 1998 arraignment. The trial court found probable cause and denied defendant's motion to suppress the evidence. Defendant was found guilty as charged following trial by a six-person jury on June 30, 1998. On October 23, 1998, the trial court sentenced defendant to five years at hard labor, adjudicated defendant a second felony habitual offender, vacated the original sentence, and sentenced defendant to two and one-half years at hard labor with credit for time served. The trial court denied defendant's motion to reconsider sentence and granted his motion for appeal.
New Orleans Police Officer Timothy Allen testified that on the morning of December 23, 1997, he and his partner responded to a residential burglary-in-progress call at 1124 North Tonti Street. In connection with that investigation Officer Allen detained defendant and another male. He performed a protective pat-down search of defendant and detected two cylindrical objects in defendant's right rear pants pocket, which he believed to be crack pipes. He said the pipes had wire mesh in one end of the pipe, along with a residue which appeared to him to be burned cocaine. He identified the two metal crack pipes at trial. On cross-examination, Officer Allen said the burglary call proved to be unfounded. He said he did not observe defendant smoking any cocaine that day.
New Orleans Police Officer Denise Miles testified that she was Officer Allen's partner on the date in question. Her testimony tracked that of Officer Allen. Officer Miles said Officer Allen recovered two crack pipes when he patted down defendant.
New Orleans Police Department Criminalist, Karen Lewis Holmes, was qualified by stipulation as an expert in the testing and identification of narcotics. Officer Holmes testified that she tested both crack pipes and that each tested positive for the presence of cocaine. Officer Holmes stated that the crack pipes are rinsed with methanol, and the resulting solution is examined under a microscope for the presence of cocaine crystals. Officer Holmes said she also uses a Gas Chromatograph Mass Spectrometer, which separates the molecules of the substances and gives a readout of what the substance is. She testified that this is the standard procedure used with all crack pipes coming through the police crime laboratory. Officer Holmes testified that it was possible that there had been some residue visible to the naked eye when she tested the pipes, but that she could not recall.
*363 On cross examination, Officer Holmes testified that one cannot really see any cocaine in the pipes, and that after rinsing with methanol, all one can see is a clear liquid. She said she could not weigh the cocaine residue because the laboratory scale can only weigh items of one-hundredth of a gram or more. Officer Holmes said she saw nothing in the pipes at the time of trial that could be cocaine.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant claims the evidence was insufficient to convict him of possession of cocaine, specifically, that he knowingly or intentionally possessed the drug.
This court set out the standard for reviewing convictions for sufficiency of the evidence in State v. Ragas, 98-0011 (La.App. 4 Cir. 7/28/99), 744 So.2d 99, as follows:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of act could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green; supra. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
98-0011, at pp. 13-14, 744 So.2d at 106-107, quoting State v. Egana, 97-0318, pp. 5-6 (La.App. 4 Cir. 12/3/97), 703 So.2d 223, 227-228.
Defendant was charged with and convicted of possession of cocaine, a violation of La. R.S. 40:967(C)(2), which provides that "[i]t is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II...." Cocaine is a Schedule II controlled dangerous substance. La. R.S. 40:964. To support a conviction for possession of cocaine, the State must establish that the defendant was in possession of the drug and that he knowingly or intentionally possessed it. State v. Shields, 98-2283, p. 3 (La.App. 4 Cir. 9/15/99), 743 So.2d 282, 283. Guilty knowledge is an essential element of the crime of possession of cocaine. State v. Williams, 98-0806, p. 6 (La.App. 4 Cir. 3/24/99), 732 So.2d 105, 109. The elements of knowledge and intent need not be proven as facts, but may be inferred from the circumstances. State v. Porter, 98-2280, p. 3 *364 (La.App. 4 Cir. 5/12/99), 740 So.2d 160, 162. A trace amount of cocaine in a crack pipe can be sufficient to support a conviction for possession. See Shields, supra; Porter, supra. However, the amount of the substance seized will have some bearing on the defendant's guilty knowledge. State v. Postell, 98-0503, p. 5 (La.App. 4 Cir. 4/22/99), 735 So.2d 782, 785. In crack pipe cases, "the peculiar nature of the pipe, commonly known as a `straight shooter' and used exclusively for smoking crack cocaine, is also indicative of guilty knowledge." State v. McKnight, 99-0997, p. 4 (La.App. 4 Cir. 5/10/99), 737 So.2d 218, 219; Williams, 98-0806, at p. 7, 732 So.2d at 109. In addition, flight or furtive behavior is a factor evidencing guilty knowledge, as is recent drug use. See Postell, 98-0503, at p. 7, 735 So.2d at 786.
In Shields, supra, this court affirmed a defendant's conviction for possession of cocaine where a crack pipe was discovered in the defendant's shirt pocket during a frisk for weapons. The officer testified that he observed a white residue in the pipe, but the decision does not reflect whether or not he believed it was cocaine residue. As in the instant case, a police expert in the identification and analysis of controlled dangerous substances testified that the two tests performed on the residue rinsed from the pipe with solvent were positive for the presence of cocaine. As in the instant case, the officer testified that the amount of cocaine recovered weighed less than one-hundredth of one gram.
In Porter, supra, this court affirmed the defendant's conviction for possession of cocaine where officers seized a crack pipe in the defendant's waistband during a protective pat-down search. Both arresting officers testified that the pipe contained a visible white residue, but the decision does not reflect whether they believed it was cocaine. The same police criminalist who testified in the instant case testified that the residue from the pipe tested positive for the presence of cocaine.
In State v. Guillard, 98-0504 (La.App. 4 Cir. 4/7/99), 736 So.2d 273, this court affirmed the defendant's conviction for attempted possession of cocaine where the arresting officer seized a metal crack pipe from one of the defendant's pants pockets. The arresting officer observed that the crack pipe contained a small amount of crack cocaine residue inside. A police crime lab officer rinsed the pipe with methanol, as in the instant case, and he stated that gas chromatography testing was positive for cocaine.
Contrast the above cases with the result in Postell, supra, where this court reversed the defendant's conviction for possession of cocaine. The arresting officer retrieved a crack pipe from the sidewalk where the defendant was standing. The officer said he could not detect the presence of cocaine at the time of the arrest, and the defendant was not charged with possession of cocaine until after tests had been performed. The testing expert stated that the residue found in the crack pipe as a result of the tests performed was not visible to the naked eye, and that the only way he could discover its presence was by performing sensitive scientific tests. This court stated:
The record reveals no evidence of corroborating factors that would lead to the conviction of the defendant based on the circumstantial evidence presented. The evidence in the record, at most, proved that the defendant possessed drug paraphernalia in violation of LSA-R.S. 40:1033. As previously discussed, unlike the case of Jones, supra, [94-1261 (La. App. 3 Cir. 5/17/95), 657 So.2d 262] the State did not present evidence of the defendant displaying furtive behavior upon seeing Officer Rice. Nor was there any evidence of recent drug use by the defendant. Finally, the State did not provide evidence establishing that the defendant had in any way attempted to obtain cocaine. All of these factors have been dispositive in courts upholding convictions *365 of defendants for possession of an illegal substance.
There are several reasonable alternative explanations for the [sic] having drug paraphernalia, i.e. from keeping it for someone else to having it with the intent of obtaining drugs in the future. However, without supporting evidence, guilty knowledge, as required to convict a person of possession of cocaine, cannot be gleaned from mere possession of the paraphernalia. The State failed to provide sufficient evidence to establish its burden of proof in this case. Therefore, we must reverse the trial court's conviction.
Postell, 98-0503, at pp. 8-9, 735 So.2d at 787.
In the instant case defendant was found with not one but two crack pipes. This alone is evidence of guilty knowledge by defendant that he possessed cocaine. In addition, Officer Allen testified that he observed burned cocaine residue on the end of the pipe. How he knew it was burned cocaine residue and not residue from some other substance was not determined-neither the prosecutor nor defense counsel questioned the officer on this point. New Orleans Police Criminalist Officer Holmes testified generally that one cannot see cocaine in crack pipes, but said that she could not recall whether or not she had seen cocaine in the pipe seized from defendant, and admitted that she could have seen it there. She testified that the only way she could test for cocaine was to extract it through the solvent rinsing process. There was no testimony that defendant attempted to flee or that he engaged in any furtive behavior. There was no evidence of recent drug use by defendant, or evidence that he was attempting to obtain drugs.
This case presents essentially the identical evidence present in Shields, Porter, and Guillard, supra. In all four cases the defendant was in possession of a crack pipe containing trace amounts of cocaine, and the arresting officer(s) testified that cocaine or cocaine residue was visible on or in the pipe at the time of the arrest. In Shields, Porter, and Guillard, supra, these two factors were sufficient to establish the element of guilty knowledge. The instant case and the three cited cases are distinguishable from Postell in that in Postell an officer testified that he could not detect the presence of cocaine in the pipe at the time of the arrest.[1]
Accordingly, viewing all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found all of the essential elements of the offense of possession of cocaine present beyond a reasonable doubt.
There is no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant argues that the trial court erred in adjudicating defendant a second-felony habitual offender, as the State failed to prove that defendant was represented by counsel when he pleaded guilty to the predicate offense.
If the defendant denies the allegations of the habitual offender bill of information, the State must prove only that defendant was represented by counsel at the taking of a guilty plea in order to meet its initial burden of proving a prior conviction for sentence enhancement under La. R.S. 15:529.1. State v. Shelton, 621 So.2d 769, 779 (La.1993); State v. Guy, 97-1387, p. 12 (La.App. 4 Cir. 5/19/99), 737 So.2d *366 231, 238. Only if the defendant comes forward with some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea will the State have to prove more. Guy, supra.
In the instant case, the State produced a copy of an indictment and a judgment and probation/commitment order from the United States District Court for the Eastern District of Louisiana, reflecting that on August 14, 1991, defendant appeared in person with his counsel, Francis King, pleaded guilty, and was found guilty as charged of theft of mail in violation of 18 U.S.C. § 1708, to wit: a check in the amount of $277.00 and payable to someone other than defendant. The judgment and probation/commitment order shows that defendant was represented by counsel at the time he entered his plea. The State met its initial burden of proof. Defendant failed to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Accordingly, the trial court properly adjudicated defendant a second-felony habitual offender based on the prior federal conviction.
There is no merit to this assignment of error.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant cites an unpublished opinion by this court in his brief on appeal. Unpublished opinions "shall not be cited, quoted, or referred to by any counsel, or in any argument, brief, or other materials presented to any court, exception in continuing or related litigation." Uniform Rules of Louisiana Courts of Appeal, Rule 2-16.3. "[I]n general, unpublished opinions should not be cited or used as precedent by courts in subsequent cases." Roberts v. Sewerage & Water Bd. of New Orleans, 92-2048, p. 15 (La.3/21/94), 634 So.2d 341, 349.