JACHARLES R. JONES, Judge.
Gene A. Council appeals his conviction and sentence for being a second offender who attempted possession of cocaine. We affirm.

PROCEDURAL HISTORY

Council was charged by bill of information with possession of cocaine. A six-person jury found him guilty of attempted possession of cocaine and the state filed a multiple bill charging that he was a second offender. Council pleaded guilty to the multiple bill and he was then sentenced to serve two years at hard labor as a second felony offender under La. R.S. 15:529.1. The sentence is also under La. R.S. 15:574.3, the About Face Program in Orleans Parish Prison. The district court did not rule on Council’s motion to reconsider the sentence. His motion for an appeal was granted.

FACTS

At trial Officer Shawn McAfee testified that he and his partner, Officer William *972 McDade, were wearing plain clothes and driving an | ¡¡unmarked car in the 1100 block of St. Philip Street when they observed a man, later identified as Gene Council, sitting by a fence. Officer McAfee noted that Council was lighting a pipe which was immediately recognizable as a crack pipe. Officer McAfee explained that in smoking a crack pipe the smoker must keep the flame of the lighter going during the time he is using the pipe. The officers circled the block and parked at the intersection of St. Philip Street and St. Claude Avenue. Officer McAfee, who was the passenger, jumped out of the car and, as he approached Council, identified himself as a police officer. Council immediately tossed the crack pipe into Armstrong Park through the wrought iron fence behind him. Council put the lighter between his legs and raised his hands. The crack pipe was retrieved, and Officer McAfee testified that it contained “an off-white powdered substance.” Council was charged with possession of cocaine based on the residue in the crack pipe.
Detective McDade testified to the same facts as Officer McAfee. Additionally the detective testified that he retrieved the pipe from the park.
Officer Karen Lewis Holmes, an expert in analysis of controlled, dangerous substances, testified that she analyzed the residue in the pipe the defendant discarded in Armstrong Park. She used two separate tests and both indicated that the pipe contained cocaine.

ERRORS PATENT

Before addressing the assignment of error, we note that the district court did not rule on the motion to reconsider the sentence but stated that the ruling was deferred.[1] No provision of law authorizes a district court to defer ruling on a defendant’s motion to reconsider sentence. In cases where the | ^defendant has argued that his sentence was excessive, this court has held that it is not procedurally correct to review a sentence prior to the trial court’s ruling on the motion. State v. Allen, 99-2579 (La.App. 4 Cir. 1/24/01), 781 So.2d 88; State v. Boyd, 00-0274 (La.App. 4 Cir. 7/19/00), 775 So.2d 463.
In this case the defendant pleaded guilty and received a sentence less than the thirty-month mandated minimum sentence. He did not object to the deferred ruling by the district court and does not seek review of his sentence on appeal. However, by deferring the ruling, the district court is able to amend or change a hard labor sentence after the execution of the sentence in violation of La.C.Cr.P. art. 881 which prohibits such amendment of sentence. Accordingly, the case must be remanded for a ruling on the motion to reconsider the sentence.

DISCUSSION

In a single assignment of error, Council argues that the evidence is insufficient to support the conviction. Specifically, he maintains that the state did not prove he had guilty knowledge that the pipe contained an illegal substance.
This court set out the standard for reviewing convictions for sufficiency of the evidence in cocaine pipe residue cases in State v. Guillard, 98-0504 (La.App. 4 Cir. 4/7/99), 736 So.2d 273, as follows:
The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favor *973 able to the prosecution, a rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
To support a conviction for possession of cocaine, the State must prove that the defendant was in possession of the illegal drug and that he knowingly possessed it. State v. Lavigne, 95-0204 (La.App. 4th Cir.5/22/96), 675 So.2d 771, writ den., 96-1738 (La.1/10/97), 685 So.2d 140; State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.990). The State need not prove that the defendant was in actual physical possession of the cocaine; constructive possession is sufficient to support a conviction. To prove attempt, the State must show that the defendant committed an act tending directly toward the accomplishment of his intent to possess cocaine. Chambers, 563 So.2d at 580.
The elements of knowledge and intent are states of mind and need not be proven as facts, but rather may be inferred from the circumstances. The factfinder may draw reasonable inferences to support these contentions based upon the evidence presented at trial. State v. Reaux, 539 So.2d 105 (La.App. 4th Cir.1989).
In Guillará, this court affirmed the defendant’s conviction for attempted possession of cocaine where the metal crack pipe was seized by the arresting officer from one of the defendant’s pants pockets. The officer noted that the crack pipe contained a small amount of residue. A police crimi-nalist tested the pipe and found the substance was cocaine.
Council maintains that his case is similar to State v. Postell, 98-0503, (La.App. 4 Cir. 4/22/99), 735 So.2d 782, where this Court reversed the defendant’s conviction for possession of cocaine. In Postell, the arresting officer retrieved a crack pipe from the sidewalk near the defendant. The officer said he could not detect the presence of cocaine in the pipe. At trial the testing expert stated that the residue found in the crack pipe as a result of the tests was not visible to the naked eye, and that the only way he could discover its presence was by performing scientific tests. Postell, 98-0503 at pp. 8-9, 735 So.2d at 787.
However, in the case at bar, the pipe was seen being lit while in Council’s hand, and he was smoking it. Furthermore, Officer McAfee saw Council toss the pipe through a fence and into Armstrong Park. Officer McAfee testified as to the white residue he saw in the pipe. Thus, the officers observed Council’s drug use, |fithe presence of the drug, and furtive behavior. These significant facts distinguish the instant case from Postell.
In State v. McKnight, 99-0997, p. 4 (La.App. 4 Cir. 5/10/99), 737 So.2d 218, 219, this court stated that “the peculiar nature of the pipe, commonly known as a ‘straight shooter’ and used exclusively for smoking crack cocaine, is also indicative of guilty knowledge.” Given the fact that Council was seen smoking the pipe, we find that any rational trier of fact could have found that he knowingly attempted to possess cocaine.
There is no merit to this assignment of error.

DECREE

Gene A. Council’s conviction is affirmed. The case is remanded to the district court for a ruling on Council’s motion to reconsider the sentence, reserving Council’s right to appeal his sentence once the court has ruled on the motion.

*974
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.

ARMSTRONG, J., concurs.

. The court sentenced this second offender to two at hard labor, specifying that he take part in the About Face Program in Orleans Parish Prison. The courl then told the defendant that if he completed the program, the court would reconsider his term.