hCHARLES R. JONES, Judge.
David W. Williams appeals his conviction and sentence for possession of heroin, a violation of La. R.S. 40:966(C). We affirm.
On June 21, 2002, the State filed a bill of information charging Williams with a violation of La. R.S. 40:966(C). Later that same month Williams entered a plea of not guilty. After a motion hearing the district court found probable cause to bind Williams over for trial and denied his Motion to Suppress the Evidence. After being advised of his right to a jury trial, Williams elected for a bench trial. On October 16th, 2002, Williams was found guilty of the responsive verdict of attempted possession of heroin. That same day, the State filed a multiple bill charging Williams as a third felony offender under La. R.S. 15:529.1, and, after being advised of his Boykin rights, he pleaded guilty to the bill and was sentenced to serve forty months at hard labor. The district court recommended that Williams be placed in the Blue Waters Program. This timely appeal follows.
At trial Officers Penelope Young and Martin Holloway testified that about 8:55 p.m. on June 1, 2002, they were patrolling on Jackson Avenue for stolen vehicles when they saw Williams at the corner of Jackson Avenue and St. Thomas Street. He appeared to be very nervous; he was “almost shaking” and looking back Lover his shoulder continually. As they approached him, they observed him drop something to the sidewalk. The officers *51 decided to investigate because Williams’ behavior was so bizarre they suspected he might need medical attention. Officer Holloway went to Williams, and Officer Young picked up the small white jar that had been discarded. Within it, she found a napkin holding eight foils of what appeared to her to be heroin. As Officer Holloway was putting handcuffs on Williams, someone began firing a high-caliber weapon at them. The officers told everyone on the street to get down. Officer Young had stopped a very young man just prior to the shooting. Williams and the young man were put into a police car for safety at that time. When the shooting stopped, the young man was released.
Criminalist Bill Giblin, an expert in identification and analysis of controlled dangerous substances, testified that he tested the substances found in four of the eight foils retrieved from the small jar. The substances proved to be heroin.
Verdell Comeaux, Williams’ mother, testified that her son lived with her at the time he was arrested and that she knew he did not have enough money to purchase eight foils of heroin. He was not working and he received no money from the State.
In a single assignment of error, Williams argues that the evidence is insufficient to support the conviction for attempted possession of heroin.
This court, in considering a similar situation in State v. Brent, 2000-0072, pp 8-9 (La.App. 4 Cir. 11/29/00), 775 So.2d 565, 570 set out the following standard:
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
lain addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. LSA-R.S. 15:438. LSA-R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentia-ry guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
LSA-R.S. 40:966(C) makes it unlawful for any person to knowingly or intentionally possess heroin, a controlled dangerous substance classified in Schedule I. To prove a defendant attempted to possess a controlled dangerous drug, the State must prove that the defendant committed an act tending directly toward the accomplishment of his intent, i.e. possession of the drugs. State v. Chambers, 563 So.2d 579 (La.App. 4 Cir.1990). The State need not prove that the defendant was in actual possession of the narcotics found; constructive possession is sufficient to support the conviction. See State v. Trahan, 425 So.2d 1222, 1226 (La.1983); see also State v. Cann, 319 So.2d 396, 397 (La.1975). The mere presence of a defendant in the area where the narcotics were found is insufficient to prove constructive possession. See State v. Collins, 584 So.2d *52 356, 360 (La.App. 4 Cir.1991); see also Cann, supra at 397.
Williams makes three arguments as to the insufficiency of the evidence. First, he contends that a possibility exists that he did not possess the jar in which the heroin was contained; many people were on the street and the jar could have belonged to someone else. However, both officers saw Williams acting in a very nervous manner and then, on seeing the officers, drop the canister. Thus, there appears to be no possibility that he did not possess the jar.
He next contends that his nervousness was due to his knowledge that the shooting was about to occur and not to his fear of the police officers. He also claims to have been cooperative when he was stopped. We find nothing in the record to support this claim of expectation of gunfire, and it does not exculpate Williams from the charge of possession of heroin. Furthermore, Williams could |4not run from the officers for physical reasons; he has lost a leg and wears a prosthesis.
In his third argument, Williams maintains that no evidence indicates that he had knowledge of the heroin. He contends that even if he had possession of the jar he was not aware of its contents. Williams cites State v. Postell, 98-0503 (La.App. 4 Cir. 4/22/99), 735 So.2d 782, in support of his argument. In Postell this Court overturned the defendant’s conviction for possession of cocaine residue in a crack pipe after finding the evidence of guilty knowledge insufficient. Although the pipe tested positive for cocaine, there was no physical residue visible when the pipe was found. The defendant was initially charged with having drug paraphernalia, and only after the pipe proved to have a small cocaine residue was he charged with possession of cocaine. Additionally, the defendant exhibited no furtive behavior on seeing the arresting officer. Thus, in Pos-tell this Court determined that guilty knowledge could not be gleaned from the facts given the very small amount of cocaine residue in the pipe and the absence of furtive behavior on the defendant’s part.
Postell can be distinguished from the case at bar, however. Williams was in possession of eight foils of heroin. This Court has held that the amount of the substance seized has some bearing on the defendant’s guilty knowledge. State v. Monette, 99-1870 (La.App. 4 Cir. 3/22/00), 758 So.2d, 362, 365; State v. Postell, supra at, 785. In the case at bar, guilty knowledge can be inferred from the amount of contraband possessed by Williams. Furthermore, Williams exhibited such furtive behavior that the officers initially thought he might be ill. This circumstantial evidence corroborates the solid evidence that Williams knowingly and intentionally possessed the heroin.
IfiFor the reasons stated herein, the conviction and sentence of David W. Williams are affirmed.
AFFIRMED.