736 So.2d 273 (1999)
STATE of Louisiana
v.
Emmit J. GUILLARD.
No. 98-KA-0504.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1999.
*275 Harry F. Connick, District Attorney, Joseph E. Lucore, Assistant District Attorney, New Orleans, Louisiana, Attorneys For Plaintiff-Appellee.
Deborah K. Leith, Louisiana Appellate Project, Covington, Louisiana, Attorney For Defendant-Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge WILLIAM H. BYRNES III, Judge CHARLES R. JONES.
KLEES, Chief Judge.
Defendant/appellant, Emmitt J. Guillard, was charged by bill of information on September 23, 1997, with possession of cocaine, a violation of LSA-R.S. 40:967(C)(2). A six-member jury tried and convicted Guillard of the said charge and sentenced him to serve thirty months imprisonment after he was adjudicated as a third felony offender. Guillard appeals his conviction and sentence, and he raises three assignments of error. After reviewing the record, we affirm the conviction and sentence.

FACTS
In May 1997, New Orleans Police Officer, Steve Harrell, testified at trial that he was assigned to patrol the Bourbon Promenade, which encompasses the 200 to the 800 blocks of Bourbon Street. Officer Harrell approached Guillard while on patrol, and arrested him for possession of drug paraphernalia (crack pipe) after the officer conducted a pat-down search for weapons. The object was discovered in Guillard's rear left pants pocket. The metal crack pipe also contained a small amount of what he believed to be crack cocaine. From his experience as a police officer, Officer Harrell knew that the pipe was used to smoke crack cocaine. Therefore, Officer Harrell re-arrested Guillard for simple possession of crack cocaine and drug paraphernalia.
Officer William Giblin, an expert in analysis and detection of controlled dangerous substances in the New Orleans Police Department Crime Lab, testified that he tested the metal pipe seized by Officer Harrell to determine if it contained any dangerous substances. He noted that the metal pipe contained a small amount of crack cocaine residue inside. He also testified that he washed the pipe with methanol to dissolve the substance. Using a process called gas chromatography, Officer Giblin testified the dissolved substance, and the results proved positive for cocaine.
Following trial, Guillard was found guilty of the lesser-included responsive offense of attempted possession of cocaine. He was sentenced on December 9, 1997, to serve thirty months at hard labor to run concurrently with any other sentence. The court also recommended that he be placed in the Blue Waters Program. Thereafter, the State filed a multiple bill information against Guillard, who pled guilty to being a third felony offender. The court vacated and set aside its original sentence and resentenced Guillard to serve thirty months at hard labor, which was to run concurrent with any other sentence. The court again recommended that Guillard be placed in the Blue Waters Program. Guillard filed a Motion to Reconsider the Sentence, which the trial court denied. However, Guillard's motion for an appeal relative to his conviction and sentence was granted.

PRESCRIPTIVE PERIOD FOR POST CONVICTION RELIEF
Although a review of the record for errors patent reveals none, we note that Guillard contends that the trial court failed to advise him of the prescriptive period for post conviction relief as required by La. C.Cr.P. art. 930.8(C). The Louisiana Supreme Court has held that La.C.Cr.P. art. 930.8(C) is "supplicatory language and *276 does not bestow an enforceable right upon an individual defendant." State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197 (La.9/5/95), 660 So.2d 1189; State v. Guy, 95-0899 (La.App. 4th Cir. 1/31/96), 669 So.2d 517, writ denied 96-0388 (La.9/13/96), 679 So.2d 102. In Glover, the Court stated:
[W]e conclude that while the legislature intended to notify defendants of Art. 930.8's limitations period, the legislature's broader aim was to limit the limitations period for applications for post conviction relief to three years unless certain specific exceptions apply and not to create a remedy for a trial court's failure to inform the defendant of the limitations period. (Citation Omitted). We decline to create such a remedy in the absence of a clear expression of legislative intent in that regard. Accordingly, we hold that Art. 930.8(C) is merely a directive to the trial courts, the violation of which does not bestow an enforceable right in favor of an individual defendant.
Id., 660 So.2d at 1201.
Thus, the trial court's failure to advise him of the prescriptive period for post conviction relief does not require any action on the part of this Court.

ASSIGNMENTS OF ERROR
In his appeal, appellant raises three assignments of error.
For his first assignment of error, appellant argues that the evidence was insufficient to support his conviction for attempted possession of cocaine. Specifically, he contends that the State cannot meet its burden of proving beyond a reasonable doubt that appellant knew that there was cocaine in the pipe, nor did the State present any evidence tending to prove that appellant attempted to possess cocaine.
The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
To support a conviction for possession of cocaine, the State must prove that the defendant was in possession of the illegal drug and that he knowingly possessed it. State v. Lavigne, 95-0204 (La. App. 4th Cir.5/22/96), 675 So.2d 771, writ den., 96-1738 (La.1/10/97), 685 So.2d 140; State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990). The State need not prove that the defendant was in actual physical possession of the cocaine; constructive possession is sufficient to support a conviction. To prove attempt, the State must show that the defendant committed an act tending directly toward the accomplishment of his intent to possess cocaine. Chambers, 563 So.2d at 580.
The elements of knowledge and intent are states of mind and need not be proven as facts, but rather may be inferred from the circumstances. The factfinder may draw reasonable inferences to support these contentions based upon the evidence presented at trial. State v. Reaux, 539 So.2d 105 (La.App. 4th Cir. 1989).
In the instant case, the evidence of appellant's guilty knowledge is circumstantial. When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. La. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. All evidence, direct and circumstantial, must meet the Jackson reasonable *277 doubt standard. State v. Wright, 445 So.2d 1198 (La.1984).
In State v. Trahan, 425 So.2d 1222 (La. 1983), the Supreme Court found insufficient evidence to support a conviction for possession of cocaine where a small amount of cocaine was found in a vial on a shelf in a rented trailer in which one of the defendants lived. Neither the cocaine nor the vial was offered into evidence at trial; the cocaine had been used in the laboratory test, and the vial was lost. The Supreme Court found that no evidence was presented as to guilty knowledge by the defendant who lived in the trailer and claimed to know nothing of the vial; and the other defendant had no dominion and control over the vial nor any knowledge of it.
The Second Circuit distinguished Trahan and affirmed a conviction for possession of cocaine where the only evidence seized was drug paraphernalia containing a residue of cocaine. In State v. Spates, 588 So.2d 398 (La.App. 2nd Cir.1991), the appellant argued that his "straighter shooter," containing a cocaine residue, did not rise to the level of sufficient proof that he knowingly and intentionally possessed cocaine. The court noted that a conviction for possession of a controlled dangerous substance may rest on the possession of traces or residue of the substance, and that possession of narcotics paraphernalia is relevant evidence of intent or guilty knowledge of the defendant's possession of controlled dangerous substances. The Second Circuit, in affirming the conviction, stated that possession of the straight shooter was evidence of guilty knowledge that it contained cocaine because the object had no other use.
In State v. Lavigne 95-0204 (La.App. 4th Cir.5/22/96), 675 So.2d 771, writ den. 96-1738 (La.1/10/97), 685 So.2d 140, this court upheld the defendant's conviction for attempted possession of cocaine. The defendant was seen acting in an irate manner. The police investigated and found a "crack pipe" which contained cocaine residue in this pocket. He alleged that he found the pipe on the street, did not know it contained cocaine as he could not see the residue, and had no intent to possess the cocaine. In affirming the defendant's conviction, this court noted that the defendant's guilty knowledge could be inferred from his actions prior to arrest, from his dominion and control over the pipe commonly used with drugs, and from the cocaine residue found in the pipe.
In the case at bar, Officer Harrell testified he retrieved the crack pipe from appellant's pants pocket and that the crack pipe appeared to contain cocaine residue. Unlike the defendant in Trahan who claimed no knowledge of the drugs found in his trailer, appellant was in possession of the crack pipe. William Giblin of the crime lab tested the substance and found it to be positive for cocaine. Such evidence is sufficient to sustain a conviction for attempted possession of cocaine. Defendant's possession of a crack pipe with visible cocaine residue in it allows an inference that the defendant had the intent to attempt to possess cocaine.
Thus, the State produced sufficient evidence to sustain appellant's conviction for attempted possession of cocaine. This assignment of error is without merit.
For his second assignment of error, appellant contends that the form of verdict impermissibly deprived him of his right to a fair trial by misinstructing the jury. The form of verdict given to the jury contained the following instruction: The law requires that six of the six jurors must agree on any one of the possible verdicts in this case. Appellant contends that the instruction implies that the law does not permit hung juries. He further contends that the instruction is a shorter version of the Allen charge which has been banned.
La.C.Cr.P. art. 841 requires that objections be lodged contemporaneously with the alleged error at trial. If no objection is made, thereby affording the court an opportunity to cure the alleged defect, the defendant waives the alleged error. La. C.Cr.P. art. 841; State v. Taylor, 93-2201 (La.2/28/96), 669 So.2d 364. Regarding *278 jury instructions, a party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. La.C.Cr.P. art. 801. As appellant noted, there was no objection to the court's instructions regarding the form of the verdict. Thus, any error in the trial court's instructions have not been preserved for review.
If this claim has not been preserved for review, then appellant contends that trial counsel was ineffective for failing to object to the instruction. He argues that such an instruction in a case where the evidence was as meager as in the instant case is a deprivation of his right to a fair trial. He further argues that it cannot be said that the failure to properly instruct the jury did not impact the verdict or that was there a tactical reason not to object.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Reed, 483 So.2d 1278 (La.App. 4th Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4th Cir.1986).
The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, supra at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4th Cir.1992).
Although appellant argues that it cannot be said that the failure to properly instruct the jury did not impact the verdict, he fails to show that the verdict would have been different if trial counsel had objected to the instruction on the verdict form.
Appellant's final assignment of error is that the trial court erred in failing to grant appellant's motion for a mistrial due to the erroneous instructions gratuitously given to the jury regarding sentencing. Appellant contends that the trial court volunteered information on the sentencing range for attempted possession of cocaine and that appellant could get probation. Because appellant was a third offender and thus not eligible for probation, defense counsel asked for a mistrial which the court denied.
Possession of cocaine carries a sentence of a maximum of five years. La. R.S. 40:967. Attempted possession carries a sentence of a maximum, of two and one half years. La. R.S. 14:27. Appellant contends that the jury must be informed that the sentencing range differs for multiple offenders. In the instant case, appellant elected not to testify; thus, his prior convictions were not presented to the jury. Had the jury been instructed on the sentencing range for habitual offenders, the jury would have known that appellant had been previously convicted. Such result would violate his Fifth Amendment rights.
*279 Furthermore, a possible adjudication as a habitual offender is a separate proceeding that punishes one for his status as a recidivist, not for the most recent conviction. Since a multiple offender bill of information is not mandatory, but at the discretion of the prosecutor, the possibility that appellant may later be subject to sentence enhancement as a recidivist is speculative. At the time of trial, no such bill had been filed, and there was no showing that even if one was filed later, that the State could prove appellant's status as a recidivist.
This claim has no merit.
Accordingly, appellant's conviction and sentence should be affirmed.
AFFIRMED.
JONES, J., CONCURS IN PART AND DISSENTS IN PART WITH REASONS
JONES, J., CONCURRING IN PART AND DISSENTING IN PART WITH REASONS.
I concur in the majority's finding that the trial court's failure to advise Guillard of the prescriptive period for post-conviction relief does not in itself constitute reversible error. Further, I concur with the majority in its finding that Guillard failed to establish sufficient proof that defense counsel was ineffective at trial.
However, I respectfully dissent from the majority's determination that the comments offered by the trial court, in an attempt to answer a confused juror's question, did not warrant a mistrial. The majority appears to argue that Guillard's oral motion for a mistrial was premature because the District Attorney's office had not filed a multiple bill of information at the time that the trial court made its "unwarranted" comments. I disagree. Though it may not have been the trial court's intent to persuade the jury to convict Guillard for the charge at issue, the erroneous comments made by the trial judge, while the jury was still deliberating, made Guillard's conviction inevitable.
The majority was correct in stating that the District Attorney's decision to file a multiple bill of information against Guillard was speculative. Many jurists know that a prosecutor's decision as to whether a multiple bill of information will be filed against a defendant is hardly ever made before the verdict is rendered. Thus, it was incumbent upon the trial judge to restrain himself from making any statements, comments or gestures that would unfairly influence this jury.
Finally, and most importantly, I, along with all other jurists in this parish realize that it has been a long-standing policy of the Orleans Parish District Attorney to file multiple bills of information against every defendant with a prior criminal record. This policy continues today with hardly any exceptions. Therefore, it was absurd for this trial judge to make speculative statements about penalties Guillard may receive if this jury convicts him for possession of cocaine. For these reasons, I find that I am compelled to dissent from the majority.