755 So.2d 1029 (2000)
STATE of Louisiana
v.
Pyketa L. LEE.
No. 98-KA-1834.
Court of Appeal of Louisiana, Fourth Circuit.
March 1, 2000.
*1030 Harry F. Connick, District Attorney, Charles E.F. Heuer, Assistant District Attorney, New Orleans, Louisiana, Counsel for Plaintiff-Appellee.
Deborah K. Keith, Louisiana Appellate Project, Covington, Louisiana, Counsel for Defendant-Appellant.
Court composed of Judge WILLIAM H. BYRNES, III, Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY.
BYRNES, Judge.
On February 11, 1998, the defendant, Pyketa L. Lee, was found guilty by a six-member jury of attempted possession of cocaine in response to a charge of possession of cocaine. On April 13, 1998, she was sentenced to thirty months at hard labor, which was suspended; and, defendant was placed on five years active probation with the following conditions: (1) submit to drug testing; (2) obtain and maintain full time employment; (3) attend substance abuse counseling; (4) pay $800 to the Judicial Expense Fund; (5) pay $200 to the Indigent Transcript Fund; (6) pay $100 to the Public Defender's Fund; and (7) pay $20 per month to the Department of Probation. The trial court denied defendant's motion for reconsideration of sentence. Defendant appealed.
Janice Brown, a special agent with the United States Department of Housing and Urban Development's Office of the Inspector General, testified that she was assigned *1031 to a task force that went into housing developments to curtail drug, weapons, and violent crime activity. She further testified that on December 10, 1997, she was on patrol with United States Deputy Marshal John Carlton in the vicinity of Claiborne and St. Bernard Avenues. She stated that they saw a late model green Buick being driven very erratically at Claiborne and Laharpe and that they followed the car. When the car stopped, they opined that the driver could have been involved in a narcotics transaction with defendant; and, they called for backup. Officer Ray Veit arrived at the intersection of St. Claude and St. Bernard, and he testified that he saw defendant leaning into the driver's side window of the Buick. He said that he approached the vehicle and advised defendant and the driver that they were under investigation for narcotics. Veit further testified that he advised them of their Miranda rights and that he asked defendant if she had any illegal contraband on her. He said when she did not appear to understand the question, he asked her if she had any narcotics; and, she replied that she had a crack pipe inside her left pants leg. Agent Brown removed the glass crack pipe, containing a white residue believed to be cocaine, from the waistband area of defendant's pants. Teresia Lamb, a criminalist for the New Orleans Police Department, testified that she tested the glass pipe and that it tested positive for the presence of cocaine. She stated that she did not weigh the cocaine residue in the pipe.
A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR NO. 1
In her first assignment of error, defendant complains that the State failed to present sufficient evidence that she committed the attempted possession of cocaine.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id.
Defendant was convicted of attempted possession of cocaine. To support a conviction for possession of cocaine, the State must prove that the defendant was in possession of the illegal drug and that she knowingly possessed it; and, to prove an attempt, the State must show that the defendant committed an act tending directly toward the accomplishment of her intent to possess cocaine. State v. Lavigne, 95-0204 (La.App. 4th Cir. 5/22/96), 675 So.2d 771, writ denied 96-1738 (La.1/10/97), 685 So.2d 140; State v. Chambers, 563 So.2d 579 (La.App. 4th Cir.1990).
The elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances. State v. Guillard, 98-0504 (La.App. 4th Cir. 4/7/97), 736 So.2d 273. The factfinder may draw reasonable inferences to support these contentions based upon the evidence presented at trial. Id. When circumstantial evidence forms the basis for the conviction, such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. The court does not determine whether another possible hypothesis suggested by the defendant could afford an exculpatory explanation of events; rather, when evaluating the evidence in the light most favorable to the prosecution, the court determines whether *1032 the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under Jackson v. Virginia. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012. This is not a separate test from Jackson v. Virginia, but is instead an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found the defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984); State v. Addison, 94-2431 (La. App. 4th Cir. 11/30/95), 665 So.2d 1224.
In State v. Guillard, 98-0504 (La.App. 4th Cir. 4/7/99), 736 So.2d 273, this court affirmed the defendant's conviction for attempted possession of cocaine where a police officer testified that he retrieved a crack pipe from the defendant's pants pocket and that the pipe appeared to contain cocaine residue. The court rejected the defendant's argument that the State failed to prove that he knew there was cocaine in the pipe or that he attempted to possess cocaine. The court stated that the defendant's possession of a crack pipe with visible cocaine residue in it (which residue subsequently tested positive for cocaine) allowed an inference that the defendant had the intent to attempt to possess cocaine.
In the present case, the defendant willingly surrendered that pipe in response to Veit's asking her if she had any drugs on her. Veit also testified that the pipe contained visible cocaine residue. As in State v. Guillard, this evidence is sufficient to support defendant's conviction for attempted possession of cocaine. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
In her second assignment of error, defendant complains that instructions on the jury verdict form impermissibly denied her a fair trial in that the form stated, "six of six jurors must agree on any one of the possible verdicts in this case." Defendant argues that this instruction implies that the law does not permit hung juries and is the same as the prohibited Allen charge. She further argues that the misleading nature of the form was compounded by the trial court's refusal to charge the jury as to the crime of possession of drug paraphernalia. Defendant admits that counsel failed to object to the verdict form, and a review of the record shows that there was no objection to the verdict form; therefore, appellate review of the issue is precluded. La.C.Cr.P. arts. 801, 841. Defendant alternatively argues that the failure to object constitutes ineffective assistance of counsel.
Generally, the issue of ineffective assistance of counsel is a matter more properly raised in an application for post-conviction relief to be filed in the trial court where a full evidentiary hearing can be held. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Sparrow, 612 So.2d 191 (La.App. 4th Cir.1992). Only when the record contains the necessary evidence to evaluate the merits of the claim can it be addressed on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Kelly, 92-2446 (La.App. 4th Cir. 7/8/94), 639 So.2d 888, writ denied 94-2087 (La.1/6/95), 648 So.2d 921. The present record is adequate to address defendant's claim of ineffective assistance of counsel.
Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced him. With regard to counsel's performance, the defendant must show that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. As to prejudice, the defendant must show that counsel's errors were so serious as to deprive him of a fair trial, i.e. a trial whose result is reliable. Both showings must be made before it can be found that the defendant's conviction resulted from a breakdown in the adversarial process that *1033 rendered the trial result unreliable. The defendant must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A claim of ineffective assistance may be disposed of on the finding that either one of the two Strickland criteria has not been met. State v. James, 555 So.2d 519 (La.App. 4th Cir.1989), writ denied 559 So.2d 1374 (La.1990). If the claim fails to establish either prong, the reviewing court need not address the other. Murray v. Maggio, 736 F.2d 279 (5th Cir.1984).
In State v. Guillard, 98-0504 at pp. 6-8, 736 So.2d at 277-278, the defendant there made the same argument that defendant makes here. This court found that the defendant failed to show that his counsel's failure to object to the verdict form constituted ineffective assistance of counsel because the defendant failed to show that the verdict would have been different if counsel had objected to the verdict form.
In the present case, defendant has not established how the verdict would have been different had counsel objected to the verdict form's statement that six out of six jurors had to agree on one of the possible verdicts. Defendant's claim is undercut by the fact that she was found guilty of attempted possession of cocaine, a lesser included offense. This assignment of error is without merit.
For the foregoing reasons, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.