755 So.2d 1025 (2000)
STATE of Louisiana
v.
Antonio A. LEWIS.
No. 98-KA-2575.
Court of Appeal of Louisiana, Fourth Circuit.
March 1, 2000.
*1026 Peggy J. Sullivan, Louisiana Appellate Project, Monroe, Louisiana, Attorney for Defendant/Appellant, Antonio A. Lewis.
Harry F. Connick, District Attorney, Charles E. F. Heuer, Assistant District Attorney, Parish of Orleans, New Orleans, Louisiana, Attorneys for Appellee, The State of Louisiana.
Court composed of Judge CHARLES R. JONES, Judge MOON LANDRIEU and Judge PATRICIA RIVET MURRAY.
MURRAY, Judge.
Defendant, Antonio A. Lewis, was convicted of attempted possession of cocaine. He has filed this appeal claiming that there was insufficient evidence to support the conviction, and that the trial court erred in not granting his motion for post-conviction acquittal, in not giving a requested jury instruction, in imposing an excessive sentence, in not complying with La.Code Crim. Proc. art. 894.1, and in denying his motion for reconsideration of sentence. For the following reasons, we affirm.

STATEMENT OF THE CASE:
Antonio A. Lewis was charged by bill of information with possession of cocaine, to which he pleaded not guilty. He was convicted by a six-member jury of attempted possession of cocaine. Mr. Lewis's motion for post-verdict judgment of acquittal was denied. After waiving all delays, the trial court sentenced him to twenty months at hard labor. The trial court denied a defense motion to reconsider sentence. The State filed a multiple bill, Mr. Lewis was adjudicated a second offender, and he was resentenced to thirty months at hard labor to be served in Orleans Parish Prison in the About Face Program.

STATEMENT OF THE FACTS
Officer Robert Gisevius testified that on April 5, 1998, he was patrolling on a routine area check looking for suspicious activity. As he drove past an abandoned building at 1029-1031 Kerlerec Street, he saw a man, whom he identified as Mr. *1027 Lewis, and a woman sitting on the steps of the building. When Officer Gisevius exited his vehicle and asked the couple why they were at that location, he noted that they seemed to be incoherent and smelled of alcohol. Officer Gisevius placed them under arrest for public intoxication and searched them. The police officer testified that he found a glass crack pipe in a white napkin in Mr. Lewis's interior left coat pocket. Officer Gisevius then placed Mr. Lewis under arrest for possession of drug paraphernalia with residue, because he believed from experience that the residue was cocaine.
William Giblin, a NOPD crime lab technician, testified that the residue tested positive for cocaine.

DISCUSSION:

Assignments of Error No. 1 and 2:
In these assignments of error, Mr. Lewis complains that the evidence was insufficient to support the verdict against him, and that the trial court should have granted his motion for post-verdict judgment of acquittal.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id.
Mr. Lewis was convicted of attempted possession of cocaine. To support a conviction for possession of cocaine, the State must prove that the defendant was knowingly in possession of the illegal drug; and, to prove an attempt, the State must show that the defendant committed an act tending directly toward the accomplishment of his intent to possess cocaine. State v. Lavigne, 95-0204 (La.App. 4 Cir. 5/22/96), 675 So.2d 771, writ denied 96-1738 (La.1/10/97), 685 So.2d 140; State v. Chambers, 563 So.2d 579 (La.App. 4 Cir. 1990).
The elements of knowledge and intent are states of mind and need not be proven as facts, but may be inferred from the circumstances. State v. Guillard, 98-0504 (La.App. 4 Cir. 4/7/99), 736 So.2d 273. The factfinder may draw reasonable inferences to support these contentions based upon the evidence presented at trial. Id. When circumstantial evidence forms the basis for the conviction, such evidence must exclude every reasonable hypothesis of innocence. La.Rev.Stat. 15:438. The court does not determine whether another possible hypothesis suggested by the defendant could afford an exculpatory explanation of events; rather, when evaluating the evidence in the light most favorable to the prosecution, the court determines whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under Jackson v. Virginia. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012, cert. denied, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994). This is not a separate test from Jackson v. Virginia, but is instead an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found the defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984); State v. Addison, 94-2431 (La.App. 4 Cir. 11/30/95), 665 So.2d 1224.
In State v. Guillard, supra, this court affirmed the defendant's conviction for attempted *1028 possession of cocaine where a police officer testified that he retrieved a crack pipe from the defendant's pants pocket and that the pipe appeared to contain cocaine residue. The court rejected the defendant's argument that the State failed to prove that he knew there was cocaine in the pipe or that he attempted to possess cocaine. The court stated that the defendant's possession of a crack pipe with visible cocaine residue in it allowed an inference that the defendant had the intent to attempt to possess cocaine.
In the present case, the State proved beyond a reasonable doubt that defendant attempted to possess cocaine; and, the trial court did not err in denying defendant's motion for post-verdict judgment of acquittal. As in Guillard, the presence of visible cocaine residue in the crack pipe found in defendant's front coat pocket is sufficient evidence to support the inference that defendant had the requisite intent to attempt to possess cocaine.

Assignment of Error No. 3:
In his third assignment of error, Mr. Lewis complains that the trial court erred in refusing to give a requested jury instruction. He requested that the trial court charge the jury as follows: "Possession of drug paraphernalia, standing alone, is insufficient to show that the defendant had the specific intent to possess cocaine or committed an act in furtherance of possession." The trial court refused to give this charge, and Mr. Lewis objected.
La.Code Crim. Proc. art. 807 provides, in part, that a requested special charge shall be given by the trial court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. The requested charge is not wholly correct in that paraphernalia with narcotics residue can be sufficient evidence that the defendant had the requisite intent to possess cocaine. Thus, the trial court properly refused to give the requested charge.

Assignments of Error Nos. 4, 5, and 6:
In these assignments of error, Mr. Lewis complains that the trial court imposed an excessive sentence, did not comply with La.Code Crim. Proc. art. 894.1, and erred in denying his motion for reconsideration of sentence. The first issue that must be resolved is whether Mr. Lewis has preserved this issue for appellate review. Under La.Code Crim. Proc. art. 881.1 the defendant must file a motion for reconsideration of sentence within thirty days following imposition of sentence. In this case, Mr. Lewis filed a motion for reconsideration after the trial court imposed the original sentence, but did not file a second such motion after the original sentence was vacated and a new sentence imposed after the multiple offender adjudication. Also, no oral objection was made to the sentence at the multiple bill hearing. In State v. Franklin, 94-409 (La.App. 5 Cir. 12/14/94), 648 So.2d 962, writ denied, 95-0143 (La.5/19/95), 654 So.2d 1354, the Fifth Circuit held that it could not review the defendant's excessive sentence claim where he filed a motion for reconsideration after the original sentence was imposed, but failed to file such a motion after he was resentenced as a multiple offender. The court explained that La.Code Crim. Proc. art. 881.1 provides that a party may file a motion to reconsider sentence within thirty days of the imposition of sentence. Section D specifically provides:
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
Therefore, appellate review of Mr. Lewis's claim of excessive sentence is precluded by his failure to file a new motion for reconsideration of sentence after the trial court resentenced him as a second offender.

*1029 Errors Patent:
A review of the record reveals no errors patent.
Accordingly, for the reasons set forth above, the conviction and sentence are affirmed.
AFFIRMED.