794 So.2d 33 (2001)
STATE of Louisiana
v.
Frederick KNIGHT.
No. 2000-KA-1051.
Court of Appeal of Louisiana, Fourth Circuit.
May 23, 2001.
*34 Harry F. Connick, District Attorney, Nicole Brasseaux Barron, Assistant District Attorney, New Orleans, Counsel for Plaintiff/Appellant.
Laura Pavy, Louisiana Appellate Project, New Orleans, Counsel for Defendant/Appellant.
Court composed of Judge CHARLES R. JONES, Judge MAX N. TOBIAS Jr., Judge DAVID S. GORBATY.
*35 GORBATY, Judge.
On October 23, 1998, the defendant, Frederick Knight, was charged by bill of information with possession of cocaine in violation of La. R.S. 40:967(C). The defendant pled not guilty at his arraignment on November 19, 1998. He filed a motion to suppress evidence, which was denied on March 8, 1999. After a trial on September 8, 1999, a six-member jury found him guilty of attempted possession of cocaine. On September 29, 1999, the trial court sentenced the defendant to one year at hard labor. The State then filed a multiple bill of information accusing the defendant of being a fourth felony offender. On December 16, 1999, the trial court found Knight to be a second offender, vacated the original sentence, and re-sentenced the defendant to two years at hard labor without benefit of parole, probation, or suspension of sentence. The State and the defendant subsequently filed these appeals.

FACTS
Officer Chris Burkhardt testified at trial that he and his partner Matthew Robinson were on proactive patrol in the Lower Ninth Ward when they first saw the defendant, who was sitting in a parked car at the intersection of Marais and Charbonnet Streets. The defendant was in the driver's seat, and a woman, Jamie Donaldson, was in the passenger seat. The officers saw Donaldson place a glass tube to her mouth and lean over to the driver's side.
At this time, the officers exited their marked unit. While approaching the parked vehicle, they observed Donaldson throw something onto the floor of the car. They also noticed the defendant shoving something between the seats. The officers found a crack pipe in plain view, still warm and containing residue, on the floor of the car, passenger side. Robinson advised both parties of their Miranda rights. Burkhardt discovered a pipe, and nothing else, between the seats. Burkhardt asked to whom that pipe belonged, and the defendant responded that the pipe was his. No residue was visible, only burned copper wool.
At trial, a member of the crime lab, Karen Lewis-Holmes, testified that both pipes tested positive for cocaine.[1] However, the Assistant District Attorney agreed that one pipe contained residue and the other did not. The pipes that had been jointly referred to as "Exhibit 1" during trial were subsequently divided into "Exhibit 1A" and "Exhibit 1B." Only the pipe that had been in the possession of the defendant was introduced.

ERRORS PATENT
A review for errors patent on the face of the record reveals none.

DEFENDANT'S ASSIGNMENT OF ERROR NUMBER ONE
In his sole assignment of error, the defendant argues that the evidence is insufficient to support the conviction. Specifically, he contends that he could not have had guilty knowledge of the cocaine since there was no residue in the pipe. He argues he should have been charged and found guilty of possession of drug paraphernalia, La. R.S. 40:1033, which is not a lesser-included offense of attempted possession of cocaine.
This court set out the well-settled standard for reviewing convictions for *36 sufficiency of the evidence in State v. Ragas, 98-0011 (La.App. 4 Cir. 7/28/99), 744 So.2d 99, as follows:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. The fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green; supra. "[A] reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence." State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
98-0011 at pp. 13-14, 744 So.2d at 106-107, quoting State v. Egana, 97-0318, pp. 5-6 (La.App. 4 Cir. 12/3/97), 703 So.2d 223, 227-228.
Defendant was convicted of attempted possession of cocaine, a violation of La. R.S. 14:27 and 40:967. La. R.S. 40:967(C) provides: "[I]t is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II ...." Cocaine is a Schedule II controlled dangerous substance. La. R.S. 40:964. La. R.S. 14:27(A) provides:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
"If the evidence adduced at trial was sufficient to support a conviction of the charged offense, the jury's [responsive] verdict is authorized." State v. Harris, *37 97-2903, p. 8 (La.App. 4 Cir. 9/1/99), 742 So.2d 997, 1001-1002.
To support a conviction for possession of cocaine, the State must establish that the defendant was in possession of the drug and that he knowingly or intentionally possessed it. State v. Shields, 98-2283, p. 3 (La.App. 4 Cir. 9/15/99), 743 So.2d 282, 283. Guilty knowledge is an essential element of the crime of possession of cocaine. State v. Williams, 98-0806, p. 6 (La.App. 4 Cir. 3/24/99), 732 So.2d 105, 109. The elements of knowledge and intent need not be proven as facts, but may be inferred from the circumstances. State v. Porter, 98-2280, p. 3 (La.App. 4 Cir. 5/12/99), 740 So.2d 160, 162. A trace amount of cocaine in a crack pipe can be sufficient to support a conviction for possession. See Shields, supra; Porter, supra. However, the amount of the substance seized will have some bearing on the defendant's guilty knowledge. State v. Postell, 98-0503, p. 5 (La.App. 4 Cir. 4/22/99), 735 So.2d 782, 785, writ granted, 99-1482 (La.11/12/99), 748 So.2d 1172. In crack pipe cases, "the peculiar nature of the pipe, commonly known as a `straight shooter' and used exclusively for smoking crack cocaine, is also indicative of guilty knowledge." State v. McKnight, 99-0997, p. 4 (La.App. 4 Cir. 5/10/99), 737 So.2d 218, 219; Williams, 98-0806 at p. 7, 732 So.2d at 109. Further, recent drug use is a factor evidencing guilty knowledge, as is flight or furtive behavior. See Postell, 98-0503 at p. 7, 735 So.2d at 786.
In Shields, supra, this court affirmed the defendant's conviction for possession of cocaine where a crack pipe was discovered in the defendant's shirt pocket during a frisk for weapons. The officer testified that he observed a white residue in the pipe. As in the instant case, a criminalist testified that the two tests performed on the residue rinsed from the pipe with solvent were positive for the presence of cocaine.
In Porter, supra, this court affirmed the defendant's conviction for possession of cocaine where officers seized a crack pipe in the defendant's waistband during a protective pat-down search. Both arresting officers testified that the pipe contained a visible white residue. As here, a police criminalist averred that the residue from the pipe tested positive for the presence of cocaine.
In State v. Guillard, 98-0504 (La.App. 4 Cir. 4/7/99), 736 So.2d 273, this court affirmed the defendant's conviction for attempted possession of cocaine where the arresting officer seized a metal crack pipe from one of the defendant's pants pockets. The arresting officer observed that the crack pipe contained a small amount of cocaine residue inside. A police criminalist rinsed the pipe with methanol, as in the instant case, and found that gas chromatography testing was positive for cocaine.
Contrast the above cases with the result in Postell, supra, where this court reversed the defendant's conviction for possession of cocaine. The arresting officer retrieved a crack pipe from the sidewalk where the defendant was standing. The officer said he could not detect the presence of cocaine at the time of the arrest, and the defendant was not charged with possession of cocaine until after tests had been performed. The testing expert stated that the residue found in the crack pipe as a result of the tests performed was not visible to the naked eye, and that the only way he discovered its presence was by performing sensitive scientific tests. This court stated:
The record reveals no evidence of corroborating factors that would lead to the conviction of the defendant based on the circumstantial evidence presented. The evidence in the record, at most, proved *38 that the defendant possessed drug paraphernalia in violation of LSAR.S. 40:1033. As previously discussed, unlike the case of Jones, supra, [94-1261 (La. App. 3 Cir. 5/17/95), 657 So.2d 262] the State did not present evidence of the defendant displaying furtive behavior upon seeing Officer Rice. Nor was there any evidence of recent drug use by the defendant. Finally, the State did not provide evidence establishing that the defendant had in any way attempted to obtain cocaine. All of these factors have been dispositive in courts upholding convictions of defendants for possession of an illegal substance.
There are several reasonable alternative explanations for the [defendant] having drug paraphernalia, i.e. from keeping it for someone else to having it with the intent of obtaining drugs in the future. However, without supporting evidence, guilty knowledge, as required to convict a person of possession of cocaine, cannot be gleaned from mere possession of the paraphernalia. The State failed to provide sufficient evidence to establish its burden of proof in this case. Therefore, we must reverse the trial court's conviction.
Postell, 98-0503 at pp. 8-9, 735 So.2d at 787.
In State v. Drummer, 99-0858 (La.App. 4 Cir. 12/22/99), 750 So.2d 360, this court affirmed the conviction of a defendant for possession of cocaine, where the defendant was found in possession of two crack pipes, which, the court found, was in and of itself evidence of guilty knowledge by the defendant that he possessed cocaine. In addition, a police officer in Drummer testified that he observed burned cocaine residue on the end of the pipe, although a police criminalist testified that one generally cannot see cocaine in crack pipes. However, the criminalist also stated that she could not recall whether or not she had seen cocaine in the pipe seized from the defendant, and admitted that she could have seen it there. The criminalist testified that the only way she could test for cocaine was to extract it through the solvent rinsing process, and that she could not weigh it because the crime laboratory scale could only weigh items of one-hundredth of a gram or more. There was no testimony that the defendant attempted to flee or that he engaged in any furtive behavior. There was no evidence of recent drug use by the defendant, or evidence that he was attempting to obtain drugs. This court concluded by distinguishing its holding in Postell, supra, on the grounds that, as in Shields, Porter, and Guillard, supra, one of the arresting officers testified that he observed cocaine in the crack pipe.
In State v. Monette, 99-1870 (La.App. 4 Cir. 3/22/00), 758 So.2d 362, defendant Jana Monette was charged with possession of cocaine, and was found guilty of attempted possession of cocaine. The trial court denied defendant's motion for post judgment verdict of acquittal, and on appeal the defendant argued the insufficiency of the evidence.
The relevant facts were that the officers arrested a stumbling and swaying Monette for public intoxication. One officer, Warner, recovered a crack pipe from defendant's right front pants pocket during a search incidental to that arrest. The other officer, Osborne, identified the crack pipe in evidence, as well as a wire tube which he characterized as a "push rod," used to push crack inside of the crack pipe before it is smoked, and a "Bic" cigarette lighter. Osborne said that it was obvious that defendant was intoxicated, but said he did not smell any odor of alcohol emanating from her.
Warner's testimony essentially tracked that of his partner. He identified the *39 crack pipe he recovered from defendant's right front pants pocket. He also identified the metal "push rod" and the cigarette lighter.
The criminalist detailed the same procedure followed in this case for testing for cocaine and stated that there was no doubt that cocaine was present in the pipe. The criminalist in that case admitted, as did the criminalist here, that he made no attempt to measure the amount of the cocaine, and that the only cocaine he tested was cocaine that he had to flush out of the tube with the methanol rinse.
This court affirmed, stating:
In the instant case, there was no testimony by either of the arresting officers that cocaine was visible in the crack pipe. However, Officer Warner testified that one end of the pipe was burned. The criminalist made no attempt to measure the amount of cocaine he rinsed from the pipe. Defendant in the instant case did not attempt to flee. Rather, Officer Osborne testified that she complied when the officers motioned for her to come over to their patrol car. There was no evidence that defendant was seeking to obtain cocaine. As for recent illegal drug use by defendant, Officer Osborne said it was obvious defendant was intoxicated, while Officer Warner testified that defendant appeared intoxicated. Yet, Officer Osborne said he did not detect the odor of alcohol on defendant. The inference the State would make from these facts is that the defendant was intoxicated on some other substance, such as cocaine, which would constitute evidence of recent drug use. In addition, in the instant case officers recovered a metal "push rod." Officer Osborne testified, without objection, that the rod was used to push cocaine into the pipe before smoking it. Finally, while the officers recovered a "Bic" cigarette lighter from defendant, there was no indication that she had any cigarettes.
Defendant was intoxicated, apparently on some substance other than alcohol, with the inference being that such substance could possibly be cocaine. She had a pipe with one burned end, which both officers testified, without objection, was a "crack pipe," i.e., a pipe used for smoking crack cocaine. In addition, in the same pocket as the crack pipe, defendant had a metal rod suitable for use to push crack cocaine into the pipe before lighting it, and a lighter with which she could light crack cocaine in the pipe. All defendant was missing was a rock of crack cocaine. This case can be distinguished from Postell, supra, by the circumstantial evidence of recent drug use by defendant in the instant case.
Viewing all of the evidence in light most favorable to the prosecution, any rational trier of fact could have found that defendant knowingly and intentionally possessed a pipe containing crack cocaine residueall of the essential elements of the offense of possession of cocaine of cocaine. Accordingly, there is no merit to this assignment of error and there was no error in the trial court's denial of her motion for post verdict judgment of acquittal as to her conviction for attempted possession of cocaine.
Monette, p. 8-9, 758 So.2d at 367.[2]
In the instant case, the defendant was in possession of one cocaine pipe and his *40 companion was found in possession of another. Under Drummer, where possession of two pipes was found to be sufficient, evidence that there were two pipes may have been adequate proof of guilty knowledge by the defendant that he possessed cocaine. The defendant and his companion were seated alone, closely, in a car. One pipe was hot and contained visible residue. The companion was leaning over toward the defendant. Both attempted to discard the pipes upon the officers' approach. These facts are sufficient to prove attempted possession of cocaine.
Thus, the State produced sufficient evidence to sustain Knight's conviction for attempted possession of cocaine. This assignment of error is without merit.

STATE'S ASSIGNMENT OF ERROR NUMBER ONE
The State argues that the trial court erred in failing to find the defendant to be a fourth felony offender.
The multiple bill listed the defendant's priors as possession of cocaine March 5, 1991, in case # 338-439 "J" (Orleans Parish Criminal District Court); attempted possession of heroin July 23, 1996, in case # 180-954 (St. Bernard Parish); and possession of desoxyn April 1, 1982, in # 71-354 (St. Bernard Parish). However, at the multiple bill hearing, the defendant argued that the St. Bernard cases were not reliable bases for prior convictions because the State did not demonstrate to the court that the defendant was properly Boykinized and advised of his constitutional rights before pleading guilty. Citing La. R.S. 15:529.1, the trial court found that the docket entries in the two St. Bernard cases were not judgments, and therefore did not provide a presumption of regularity of judgment. The court thus concluded that the State did not provide sufficient evidence of a valid guilty plea and disregarded the St. Bernard convictions, finding the defendant to be a second felony offender.
In State v. Alexander, 98-1377 (La.App. 4 Cir. 2/16/00), 753 So.2d 933, this court stated:
LSA-R.S. 15:529.1 D(1)(b) states that the district attorney has the burden of proving beyond a reasonable doubt any issue of fact and that the presumption of regularity of judgment shall be sufficient to meet the original burden of proof. In State v. Shelton, 621 So.2d 769, 779-780 (La.1993), the Supreme Court stated:
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than the "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence *41 submitted by the defendant and by the State to determine whether the State has met its burden of proving that the defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. (footnotes omitted).
98-1377 at pp. 5-6, 753 So.2d at 937.
In the case sub judice, the State did not demonstrate to the court that the defendant was properly Boykinized and advised of his constitutional rights before pleading guilty. No Boykin forms were attached to the exhibits, and no transcripts of the Boykin colloquies between the court and the defendant were introduced. The State did not carry its burden of proving the existence of the prior guilty pleas as discussed in Alexander. As such, we find no error in the trial court's ruling.

CONCLUSION
Accordingly, for the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Her testimony was somewhat confusing because both pipes were sealed in the same bag and introduced as one exhibit. At times, her testimony was not clear as to which of the pipes she was referring. However, the summation of the testimony is that one pipe had pieces in it, both pipes had evidence of a burning, and both pipes tested positive for having been exposed to cocaine.
[2] After Monette, the court has reviewed the law on point in numerous cases, most of them unpublished. However, see State v. Lewis, 98-2575 (La.App. 4 Cir. 3/1/00), 755 So.2d 1025, and State v. Lee, 98-1834 (La.App. 4 Cir. 3/1/00), 755 So.2d 1029, two published opinions where the court affirmed convictions for attempted possession of cocaine where there was visible cocaine residue in the crack pipe.