823 So.2d 425 (2002)
STATE of Louisiana
v.
Zachary LIPSCOMB.
No. 1999-KA-2094.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 2002.
*426 Harry F. Connick, District Attorney, Jane Louise Beebe, Assistant District Attorney, Scott Peebles, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
William R. Campbell, Jr., Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS, SR.).
Judge DENNIS R. BAGNERIS, SR.
This case is before us on remand from the Louisiana Supreme Court. In our previous consideration of this case, we reversed defendant's, Mr. Zachary Lipscomb's, conviction and sentence for attempted possession of cocaine. Specifically, this Court found that defendant's trial counsel was ineffective for failing to move before trial to suppress the evidence, and that the crack pipe was obtained by an unreasonable search and/or seizure. A writ of certiorari was granted to the State, and the Supreme Court vacated *427 this Court's decision as to the reversal of defendant's conviction and sentence on grounds of ineffective assistance of counsel. The Supreme Court determined that defendant's proper course for litigating an ineffective assistance claim remains in post-conviction proceedings. The Supreme Court remanded the case to us for consideration of the supplemental assignments of error.

STATEMENT OF THE CASE
Zachary Lipscomb, the defendant, was charged by bill of information on July 10, 1998, with possession of cocaine, a violation of La. R.S. 40:967. At his arraignment on August 18, 1998, he entered a plea of not guilty. On September 11, 1998, a six-member jury found him guilty of attempted possession of cocaine. The court sentenced the defendant on November 16, 1998, to serve thirty months at hard labor with credit for time served. That same day, the State filed a multiple bill of information charging the defendant as a third felony offender; the defendant pled guilty. Immediately thereafter, the court vacated the original sentence and re-sentenced the defendant pursuant to La. R.S. 15:529.1 to serve four years at hard labor with credit for time served. The court denied his motion to reconsider sentence.

FACTS
Officer Alfred Lee, chief of security police for the Housing Authority of New Orleans, testified that his office is in the St. Bernard Housing Development. On December 16, 1997, from his office window, he noticed the defendant loitering in a driveway in the housing development. He became suspicious of the defendant's actions when he observed a stream of people stopping and talking to the defendant and then walking away. Officer Mike Hughes, the NOPD officer assigned to the housing development, was in Officer Lee's office at the time, and he also observed the defendant's movements. Officer Lee asked Officer Hughes to investigate. Officer Lee described the defendant's attire on the day in question and made an in-court identification of the clothes the defendant wore that day. Under cross-examination he admitted that he did not see any drugs or money exchanged; however, he likened the defendant's action to "a runner situation where the person who is actually making the transaction wouldn't take the money."
Officer Michael Hughes testified and verified his assignment as liaison officer between HANO and the NOPD. On the day in question, he and Officer Lee observed the defendant's actions from their shared office window. After Officer Hughes stopped the defendant, he patted down the defendant's clothing for his safety because of the nature of the complaint. He detected a cylinder-like item in the defendant's pocket. He removed the item and discovered that it was a glass tube containing a white residue, which he believed to be cocaine. Under cross-examination Officer Hughes stated that the defendant did not have any drugs or money at the time of his arrest.
Pursuant to stipulation between the State and defense as to her expertise in the identification and analysis of controlled dangerous substances, Teresia Lamb, a criminalist employed by the New Orleans Police Department, testified and explained the methods she uses to test for controlled substances. She further stated that the residue deposit in the glass tube seized from the defendant tested positive for cocaine.
In our original opinion, we found no merit to defendant's two assignments of error, which alleged that the trial court erred in failing to instruct the jury on the *428 law of possession of drug paraphernalia, and that the evidence is insufficient to support his conviction. Defendant's two supplemental assignments of error allege: (1) that the trial court erred in failing to correct the State's argument to the jury that it could not consider the charge of possession of drug paraphernalia; and (2) that the evidence is insufficient to support the conviction because the State failed to prove that the defendant had the specific intent to possess cocaine. Because our original opinion addressed these two supplemental assignments of error in the discussion of assignments of error one and two, we will reiterate our reasons as stated in our original opinion.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, the defendant complains that the trial court erred in failing to instruct the jury on the law of possession of drug paraphernalia.
As a preliminary matter, it should be noted that the defense failed to comply with the writing requirement for jury instructions in La.C.Cr.P. art. 807, which provides, in pertinent part:
The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
La.C.Cr.P. art. 801 provides that a party may assign as error the failure to give a jury charge so long as the objection thereto is made "before the jury retires or within such time as the court may reasonably cure the alleged error." In State v. Henderson, 362 So.2d 1358 (La.1978) the court held that when the trial judge entertained numerous oral requests and objections by the defendants, the judge had dispensed with the requirement that special charges be in writing and had tacitly agreed to consider such instructions as orally proposed. In this case, the defense did object to the court's refusal to charge the jury on the law of possession of drug paraphernalia, thus preserving the issue for review.
The trial court is required to charge the jury, when properly requested, as to the law applicable to any theory of defense which the jurors reasonably could infer from the evidence. C.Cr.P. art. 807; State v. Johnson, 438 So.2d 1091 (La.1983). C.Cr.P. art. 807 further provides that a timely "requested special charge must be given to the jury if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given." The refusal to give a requested special charge does not warrant reversal of a defendant's conviction unless it prejudices substantial rights of the accused. C.Cr.P. art. 921; State v. Marse, 365 So.2d 1319 (La.1978); State v. Giles, 93-0103 (La.App. 4 Cir. 6/15/94), 639 So.2d 323, writs denied 94-1891, 94-1897 (La.12/19/94), 648 So.2d 399, 400.
In this case the defendant was charged with possession of cocaine. Pursuant to C.Cr.P. art. 814(A)(50) the responsive verdicts to that charge are as follows: guilty, guilty of attempted possession of cocaine, and not guilty. The defendant was convicted of attempted possession of cocaine. Nevertheless, the defendant maintains that he was prejudiced by the courts' failure to charge the jury relative to possession of drug paraphernalia.
*429 In closing arguments in this case, both the district attorney and defense counsel discussed the charge of possession of drug paraphernalia. The district attorney said:
He was actually in possession of paraphernalia that the officer arrested him for. And the condition of the pipe and the paraphernalia and the whole argument on paraphernalia is going to be real important at a judge trial because that's a misdemeanor.
We are here on a jury trial, a felony charge, which as the officer said, I arrested him for the paraphernalia pending the analysis of the Crime Lab to see what that residue is before I put a felony charge on somebody.... He's trying to be fair.
They submit that crack pipe, and they had it tested. And sure enough, just what the officer said he thought, it was in fact positive for cocaine.
Defense counsel argued:
... The D.A. said there is a law against possessing this. It's a misdemeanor offense, six months in jailnot the five years you can get on cocaine possession
. . .
... Let me read this to you ... this is in our drug code Title 40[La. R.S. 40:1031(A)(12)]. "as used in this part unless the context clearly otherwise indicates that the term `drug paraphernalia' shall mean and include: objects used, intended for use, or designed to use in ingesting, inhaling or otherwise introducing marijuana, cocaine, hashish, or hashish oil into the human body such as metal, wood, acrylic, glass, stone, plastic, or ceramic pipes."
. . .
He's guilty. And this is a guilty plea form. And I would sit him down right this minute, fill it out, and have him sign it as a plea of guilty to possession of drug paraphernalia because that is what he is guilty of because that's what he intended to do when he had this in his possession, to posses drug paraphernalia.
The trial judge instructed the jury that if the State did not prove the three elements of the crime of possession of cocaine, their verdict should be not guilty. The trial judge's statements were adequate to ensure the jury's proper understanding of the offense charged and all responsive verdicts. Inasmuch as possession of drug paraphernalia is not a responsive verdict to possession of cocaine, La.C.Cr.P. art. 814(A)(50), had the judge agreed to so charge the jury, it would have been error.
Under these circumstances, the question of the charge of possession of drug paraphernalia was placed before the jury by the defense and prosecution. Moreover, charging the jury as to possession of drug paraphernalia would have entailed an explanation from the judge. Therefore, even if the requested special charge was refused erroneously, the defendant was not prejudiced. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In his next assignment of error, the defendant contends that the evidence is insufficient to support his conviction.
The standard for reviewing a claim of insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Rosiere, 488 So.2d 965 (La.1986). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the *430 prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id.
In this case, the defendant was charged with possession of cocaine but convicted of the lesser-included offense of attempted possession of cocaine. To support a conviction for possession of cocaine, the State must prove that the defendant was knowingly in possession of the illegal drug. To prove an attempt, the State must show that the defendant committed an act tending directly toward the accomplishment of his intent to possess cocaine. State v. Lavigne, 95-0204 (La.App. 4 Cir. 5/22/96), 675 So.2d 771, writ denied 96-1738 (La.1/10/97), 685 So.2d 140; State v. Chambers, 563 So.2d 579 (La.App. 4 Cir. 1990).
The elements of knowledge and intent are states of mind and need not be proven as facts but may be inferred from the circumstances. State v. Guillard, 98-0504 (La.App. 4 Cir. 4/7/99), 736 So.2d 273. The factfinder may draw reasonable inferences to support these contentions based upon the evidence presented at trial. Id. When circumstantial evidence forms the basis for the conviction, such evidence must exclude every reasonable hypothesis of innocence. La.Rev.Stat. 15:438. The court does not determine whether another possible hypothesis suggested by the defendant could afford an exculpatory explanation of events; rather, when evaluating the evidence in the light most favorable to the prosecution, the court determines whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under Jackson v. Virginia. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012, cert. denied, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994). This is not a separate test from Jackson v. Virginia, but it is instead an evidentiary guideline for the jury when considering circumstantial evidence and facilitates appellate review of whether a rational juror could have found the defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984); State v. Addison, 94-2431 (La.App. 4 Cir. 11/30/95), 665 So.2d 1224.
In State v. Guillard, supra, this court affirmed the defendant's conviction for attempted possession of cocaine in a case in which a police officer testified that he retrieved a crack pipe from the defendant's pants pocket and that the pipe appeared to contain cocaine residue. The court rejected the defendant's argument that the State failed to prove that he knew there was cocaine in the pipe or that he attempted to possess cocaine. The court stated that the defendant's possession of a crack pipe with visible cocaine residue in it allowed an inference that the defendant had the intent to attempt to possess cocaine.
Similarly, in State v. Lewis, 98-2575 (La. App. 4 Cir.3/1/00), 755 So.2d 1025, this court affirmed a defendant's conviction for attempted possession of cocaine based upon the arresting officer's testimony. The officer testified that he noticed the defendant sitting in front of an abandoned building. When the officer approached the defendant, he noticed that the defendant seemed incoherent and smelled of alcohol. The officer arrested the defendant for public intoxication and patted him down. The officer retrieved from the defendant's coat pocket a glass crack pipe containing a white residue the officer believed to be cocaine. Subsequent testing confirmed the officer's belief.
Likewise, in State v. Lee, 98-1834 (La. App. 4 Cir.3/1/00), 755 So.2d 1029, the *431 court affirmed the defendant's conviction of attempted possession of cocaine. The defendant was stopped by police for investigation of narcotics activity. The police found a glass crack pipe, containing a white residue that the police believed was cocaine, in the defendant's pants leg. Citing State v. Guillard, supra, this court held that possession of a crack pipe with visible cocaine residue in it allowed an inference that the defendant had the intent to attempt to possess cocaine.
This case presents the same evidence presented in Guillard, Lewis and Lee. In those cases, the defendant was in possession of a crack pipe containing cocaine, and the arresting officers testified that cocaine residue was visible in the pipe at the time of the arrest. These factors were sufficient to establish the element of guilty knowledge in those cases, and they are sufficient to establish the element of guilty knowledge in this case as well. Viewing all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found all of the essential elements of the offense of possession of cocaine present beyond a reasonable doubt. This assignment of error is without merit.
Accordingly, we vacate our previous opinion that reversed defendant's conviction and sentence on grounds of ineffective assistance of counsel, and find that the merits of that claim are to be addressed in post-conviction proceedings. Further, because we find no merit to defendant's additional assignments of error, we affirm defendant's conviction and sentence.
PREVIOUS OPINION VACATED, CONVICTION AND SENTENCE AFFIRMED